UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NOVI FOOTWEAR INTERNATIONAL CO. LIMITED,<br><br>                      Plaintiff,<br><br>-against-<br><br>EARTH OPCO LLC, WINDSONG CAPITAL MANAGEMENT LLC and WILLIAM SWEEDLER,<br><br>                      Defendants. | Civil Action No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Novi Footwear International Co. Limited ("Novi"), by and through its attorneys, Tarter Krinsky & Drogin LLP, as and for its Complaint against Defendants Earth OpCo LLC ("Earth"), Windsong Capital Management LLC and William Sweedler (collectively, "Defendants"), alleges and states as follows:

**NATURE OF THE ACTION**

1. This is a straightforward action necessitated by Defendants' failure to pay for footwear products sold by Novi and delivered to Earth pursuant to Earth's instructions and related auxiliary charges in the amount of $21,256,982.41. There is no dispute that Defendants accepted delivery of the goods without protest or objection and have no excuse for nonpayment as set forth in greater detail below.

2. But perhaps even more egregious is Defendants' steadfast refusal to return the unpaid goods to Novi so that Novi may mitigate its damages. These products were specially made and designed for Earth, delivered to take advantage of the spring/summer and fall/winter seasons and bear Earth's trademarks. The parties expressly agreed in their written contracts that Novi has the option to repossess and sell the goods in Defendants' inventory in the event of a default in

payment. Defendants, however, have inexplicably refused to return the goods to Novi and the time to take advantage of the spring/summer season is dwindling. Every day that passes lessens Novi's ability to use the collateral to fund Defendants' debts.

3. To make matters worse, Defendants are actively selling the goods, pocketing the proceeds and rendering Earth insolvent with the intent of depriving Novi of both the asset securing the debt and the proceeds. Immediate injunctive relief is absolutely necessary to prevent irreparable harm.

## PARTIES

4. At all times relevant herein, Novi was and is a corporation duly organized and existing under the laws of Hong Kong, with its principal place of business located in Hong Kong.

5. Upon information and belief, Defendant Earth OpCo LLC was and is a limited liability company duly organized and existing under the laws of the State of Delaware, with a principal place of business located at 41 Seyon Street, Suite 400, Waltham, Massachusetts 02453.

6. Upon information and belief, WH Earth Investments LLC is the member of Defendant Earth OpCo LLC; WH Earth Investments LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with a principal place of business located in the State of Connecticut.

7. Upon information and belief, Windsong Earth Investment Holdings LLC is the member of WH Earth Investments LLC; Windsong Earth Investment Holdings LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with a principal place of business located in the State of Connecticut.

8. Upon information and belief, Windsong Global LLC and Hilco, Inc. are the members of Windsong Earth Investment Holdings LLC; Windsong Global LLC is a limited

liability company duly organized and existing under the laws of the State of Delaware, with a principal place of business located in the State of Connecticut and Hilco, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with a principal place of business located in the State of Connecticut.

9. Upon information and belief, the members of Windsong Global LLC are Defendant William Sweedler (a citizen of the State of Connecticut); Brian Cooper (a citizen of the State of Connecticut); Andy Tarshis (a citizen of the State of Connecticut); and Kelly Mansdorf (a citizen of the State of Connecticut).

10. Upon information and belief, Sweedler not only is a member of Windsong Global LLC, he also is Chairman and Chief Executive Officer; Sweedler also is Chief Executive Officer and Chairman of Earth.

11. Upon information and belief, Defendant Windsong Capital Management LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with a principal place of business located in the State of Connecticut.

12. Upon information and belief, Sweedler, Brian Cooper, Andy Tarshis and Kelly Mansdorf, all citizens of the State of Connecticut, are the members of Defendant Windsong Capital Management LLC; Sweedler also is Chief Executive Officer and Chairman of Defendant Windsong Capital Management LLC.

13. Upon information and belief, Earth and Defendant Windsong Capital Management LLC are parties to a certain Management Services Agreement, pursuant to which Earth pays Defendant Windsong Capital Management LLC a management services fee.

14. Upon information and belief, Defendants are alter-egos of one another. Earth and Defendant Windsong Capital Management LLC are under the common control and ownership of

Sweedler, who has exercised complete dominion and control over both entities; Sweedler has intentionally made Earth insolvent for the specific purpose of rendering Earth unable to satisfy its obligations to Novi by, among other things, leaving Earth undercapitalized and siphoning Earth's funds and assets in the form of management services fees to Defendant Windsong Capital Management LLC.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) based on complete diversity of citizenship between Novi and Defendants and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

16. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because, among other things: (i) Earth's principal place of business is located within this judicial district; and (ii) a substantial part of the events giving rise to Novi's claims occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS

17. Novi is a member of the Wortmann Group of companies, one of the largest shoe production and distribution companies in Europe. Since its formation in 1986, Novi has been a leading sourcing company and exporter of ladies, men and children's footwear. In addition to sourcing for the brands belonging to the Wortmann Group, Novi provides sourcing and manufacturing services to many well-known private label customers.

18. Earth is a shoe manufacturer based in Boston, Massachusetts. Upon information and belief, in or around June 2020, Earth's predecessors in interest, including Earth Inc., closed Earth's sourcing office in Asia and entered into a Product Exclusivity Agreement (the "Product Exclusivity Agreement") with Novi for the purchase of seasonal and specially made footwear products bearing the Earth name and trademarks (the "Goods").

19. Pursuant to the Product Exclusivity Agreement, the payment terms for each purchase order are paid by a standby letter of credit or 30% prepayment at order placement paid in cash and the remaining 70% paid at shipment.

20. Novi was willing to accept a payment term of 45/60 days if Earth established a sufficient standby letter of credit; beginning in or around September 2020, Earth secured its purchases from Novi with a standby letter of credit in the amount of $1.5 million, which increased to $4 million as of November 16, 2020 and $5.5 million as of November 20, 2020.

21. Based on the Product Exclusivity Agreement and Earth's standby letter of credit, Novi began fulfilling Earth's purchase orders and delivered the Goods pursuant to Earth's delivery instructions; Earth accepted the Goods without protest or objection.

22. In a November 1, 2020 Letter Agreement (the "November 1, 2020 Letter Agreement"), Earth's predecessor in interest agreed that Novi would retain an option to sell the Goods to secure payment upon Earth's default.

23. Earth went through a corporate restructuring in 2021. It was purchased by a private equity firm, Windsong Global ("Windsong"), which is owned and/or controlled by Sweedler, its Chairman and Chief Executive Officer, who also is the Chairman and Chief Executive Officer of Earth.

24. Following Windsong's acquisition of Earth, Earth suddenly took an entirely different approach towards settling its debts. For example, Earth unilaterally stated that it would be extending the term of payment from 45/60 to 60/90 days.

25. Novi stated that it would consider a 90 day payment term only if Earth increased its standby letter of credit another $1.5 million for a total of $7 million. Earth, however, never

increased its standby letter of credit and continued to insist on a 90 day payment term, despite Novi's invoices continuing to require payment in full within 60 days.

26. Novi continued to fulfill Earth's purchase orders and delivered the Goods pursuant to Earth's delivery instructions; Earth accepted the Goods without protest or objection.

27. In November 2021, Earth—controlled by Windsong—suddenly announced that payments would no longer be made in full and requested a deferral of payments going forward, promising only partial payments towards outstanding invoices.

28. In a letter agreement dated December 22, 2021 (the "December 21, 2021 Letter Agreement"), Earth acknowledged its indebtedness to Novi and authorized Novi to sell the Goods bearing Earth's trademarks after "past due, unsecured unpaid deliverables … exceed" $3 million, consistent with Novi's option to sell the Goods pursuant to the November 1, 2020 Letter Agreement.

29. Earth, however, continued to refuse to make full payments towards its purchases and settle its significant debt. Accordingly, on January 3, 2022, Novi stopped all pending shipments and would not agree to fulfill future orders unless Earth entered into a meaningful payment plan.

30. In a letter agreement dated February 13, 2022 (the "February 13, 2022 Letter Agreement"), Earth, once again, acknowledged its existing debt to Novi. Earth also agreed that it owed Novi approximately $9.6 million for Goods for the Spring/Summer 2022 season that had been shipped prior to January 10, 2022. Earth agreed that of the $9.6 million, it would pay $8,218,735.50 in installments according to the schedule set forth in the February 13, 2022 Letter Agreement with the full amount paid by end of March 2022. The balance would be paid according to the due date on the invoice.

31. Earth also reaffirmed in the February 13, 2022 Letter Agreement that in the event of Earth's default in payment to Novi, "NOVI can sell (and transfer title to) the GOODS and/or the Delivered GOODS using the trademarks of Earth worldwide," granting Novi "a license to sell the GOODS and/or Delivered Goods using all trademarks of EARTH at no cost."

32. For Goods already delivered to Earth for Fall/Winter 2021, Earth acknowledged owing Novi the amount of approximately $10.4 million as of January 14, 2022, which after application of the $5.5 million standby letter of credit was reduced to $4.9 million, and agreed to pay for these Goods in full by no later than September 30, 2022.

33. Based on the February 13, 2022 Letter Agreement, Novi resumed fulfilling Earth's purchase orders in mid February 2022, but soon after Earth repudiated the February 13, 2022 Letter Agreement and the parties' prior agreements, informing Novi that Earth would not honor its commitments.

34. On April 25, 2022, Novi sent a letter to Earth demanding payment of all outstanding invoices in full; as of April 25, 2022, the amount of unpaid invoices was $15,190,497.55, exclusive of interest and other charges.

35. Notwithstanding Novi's April 25, 2022 letter, Earth has failed and/or refused to pay the outstanding invoices despite accepting the Goods without protest or objection.

36. To make matters worse, Earth will not agree to return the Goods to Novi in accordance with Novi's rights under the parties' agreements to use the Goods as collateral to mitigate its damages; this is intentional. Sweedler, acting on behalf of both Earth and Defendant Windsong Capital Management LLC, has intentionally rendered Earth insolvent and unable to satisfy its obligations to Novi, its creditor.

37. To accomplish this objective, Sweedler has, among other things, looted Earth by causing Earth to pay management service fees to Defendant Windsong Capital Management LLC, another entity under common control and/or ownership of Sweedler in addition to Earth, leaving Earth substantially undercapitalized and unable to pay its debts.

38. Absent injunctive relief enjoining Defendants from disposing of the Goods, Novi will be deprived of the very collateral that the parties agreed would allow Novi to recoup its losses in the event of Defendants' default and non-payment, and very well may be the only source of assets available to satisfy a judgment.

## COUNT I
### (Breach of Contract)

39. Novi repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

40. Novi and Defendants entered into one or more agreements for Novi to sell the Goods to Earth, with agreed upon terms for pricing, nature and volume of the Goods and methods of shipping and delivery.

41. The agreements between Novi and Defendants for the sale of the Goods are valid and enforceable contracts.

42. Novi complied with its obligations under the agreements by delivering the agreed upon Goods pursuant to Defendants' delivery instructions.

43. Defendants accepted delivery of the Goods without objection or protest.

44. Novi invoiced Defendants for the Goods it delivered in accordance with their agreements and business dealings.

45. Despite Novi's repeated demands for payment, Defendants have failed and/or refused to pay Novi for the Goods in accordance with the parties' agreements.

46. Defendants' failure and/or refusal to pay for the Goods constitutes a breach and/or repudiation of the parties' agreements.

47. By reason of the foregoing, Novi has been damaged in an amount to be determined at trial, but in no event less than $21,256,982.41, plus interest, attorneys' fees, disbursements and costs of suit.

### COUNT II
### (Goods Sold and Delivered)

48. Novi repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

49. Defendants specially ordered the Goods. The Goods conformed to Defendants' specifications and were timely shipped by Novi and delivered in accordance with Defendants' delivery instructions.

50. Defendants accepted delivery of the Goods without objection or protest.

51. Despite Novi's repeated demands for payment, Defendants have failed and/or refused to pay Novi for the Goods.

52. By reason of the foregoing, Novi has been damaged in an amount to be determined at trial, but in no event less than $21,256,982.41, plus interest, attorneys' fees, disbursements and costs of suit.

### COUNT III
### (Unjust Enrichment)

53. Novi repeats and realleges each of the foregoing paragraphs as if full set forth herein.

54. In the alternative to its breach of contract claim, Novi is entitled to recover from Defendants under the theory of unjust enrichment.

55. Novi sold and delivered the Goods to Defendants with the expectation that Defendants would pay the fair and reasonable value of the Goods in the amounts set forth in Invoices.

56. As set forth in greater detail above, Defendants have failed and/or refused to pay for the Goods despite Novi's due demands for same.

57. Notwithstanding Defendants' failure and/or refusal to pay for the Goods, Defendants have retained the Goods for themselves, thereby benefitting from its agreements with Novi.

58. Accordingly, Defendants have been unjustly enriched by retaining the benefits of the agreements with Novi while at the same time failing and/or refusing to pay for the Goods as required.

59. Equity and good conscience require restitution.

60. By reason of the foregoing, Novi has been damaged in an amount to be determined at trial, but in no event less than $21,256,982.41, plus interest, attorneys' fees, disbursements and costs of suit.

### COUNT IV
### (Conversion)

61. Novi repeats and realleges each of the foregoing paragraphs as if full set forth herein.

62. Pursuant to the November 1, 2020 Letter Agreement, title to the Goods does not pass to Earth "until Novi receives payment in full for the goods."

63. Pursuant to the November 1, 2020 Letter Agreement, Novi has an option to sell the Goods to secure payment upon Earth's default.

64. Pursuant to the December 22, 2021 Letter Agreement, Defendants granted Novi the right to sell Goods bearing the Earth name and trademarks "as soon as the past due, unsecured unpaid receivables of NOVI against EARTH exceed" $3 million.

65. Pursuant to the February 13, 2022 Letter Agreement, Defendants "hereby confirms once again" that in the event of Defendants' default in payment to Novi, "NOVI can sell (and transfer title to) the GOODS and/or the Delivered GOODS using the trademarks of Earth worldwide.

66. By engaging in the misconduct set forth herein and refusing to return the Goods to Novi, Defendants have intentionally or wrongfully exercised acts of ownership, control or dominion over Novi's property, the Goods for which Defendants have not paid in full.

67. Novi demanded that Defendants rectify their conversion of the Goods, but to no avail.

68. Defendants' wrongful acts constitute unlawful conversion of Novi's property.

69. Based on Defendants' conversion of the Goods, Novi has been damaged in an amount to be determined at trial, but in no event less than $21,256,982.41, plus interest, attorneys' fees, disbursements and costs of suit.

## COUNT V
### (Injunctive Relief)

70. Novi repeats and realleges each of the foregoing paragraphs as if full set forth herein.

71. Novi is likely to succeed on the merits of its claims against Defendants.

72. Upon information and belief, the Goods are being held by Defendants in storage facilities located in the United States and Asia or are in transit to storage facilities by ocean transport.

73. Novi will suffer irreparable harm in the absence of injunctive relief—the potential loss or impairment of Novi's collateral—which not only secures the repayment of Defendants' purchases of the Goods but ultimately may enable Novi to collect a judgment—constitutes irreparable harm.

74. The equities balance in Novi's favor.

75. Novi has no adequate remedy at law.

76. By reason of the foregoing, Novi is entitled to injunctive relief, restraining and enjoining Defendants and their members, shareholders, managers, officers, directors, representatives, consultants, agents, employees, attorneys, parent companies, subsidiaries and/or affiliates, and all persons in active concert or participation with them, from, directly or indirectly, transferring, selling, auction, pledge, divesting, diverting, hypothecating, dissipating or otherwise disposing of Goods sold by Novi.

**WHEREFORE**, Plaintiff Novi Footwear International Co. Limited demands judgment in its favor and against Defendants Earth OpCo LLC, Windsong Capital Management LLC and William Sweedler as follows:

A. On Count I, an amount to be determined at trial, but in no event less than $21,256,982.41;

B. On Count II, an amount to be determined at trial, but in no event less than $21,256,982.41;

C. On Count III, an amount to be determined at trial, but in no event less than $21,256,982.41;

D. On Count IV, an amount to be determined at trial, but in no event less than $21,256,982.41;

E. On Count V, injunctive relief, restraining and enjoining Defendants and their members, shareholders, managers, officers, directors, representatives, consultants, agents, employees, attorneys, parent companies, subsidiaries and/or affiliates, and all persons in active concert or participation with them, from, directly or indirectly, transferring, selling, auction, pledge, divesting, diverting, hypothecating, dissipating or otherwise disposing of Goods sold by Novi; and

F. On All Counts, interest, attorneys' fees, disbursements, costs of suit and such other and further relief as this Court deems just, equitable and proper.

Dated: Boston, Massachusetts
June 17, 2022

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**
*Attorneys for Plaintiff*

By: /s/ Adam Sisitsky
Adam Sisitsky (BBO # 637532)
Ryan Dougherty (BBO # 703380)
One Financial Center
Boston, Massachusetts 02111
Tel.: (617) 542-6000
Email: alsisitsky@mintz.com
Email: rtdougherty@mintz.com

**TARTER KRINSKY & DROGIN LLP**
Andrew N. Krinsky (BBO # 280160)
Jonathan E. Temchin  (*Pro hac vice* forthcoming)
1350 Broadway
New York, New York 10018
Tel.: (212) 216-8000
Facsimile: (212) 216-8001
Email: akrinsky@tarterkrinsky.com
Email: jtemchin@tarterkrinsky.com