UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| NOVI FOOTWEAR INTERNATIONAL CO. LIMITED, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | Civil Action No. 1:22-cv-10952-RGS |
| EARTH OPCO LLC, WINDSONG CAPITAL MANAGEMENT LLC, AND WILLIAM SWEEDLER, | | |
| Defendants. | | |

**COMPLAINT IN COUNTERCLAIM OF**
**INTERVENOR-DEFENDANT SECOND AVENUE CAPITAL PARTNERS LLC**

Intervenor-Defendant Second Avenue Capital Partners LLC ("Second Avenue") alleges the following in support of its counterclaim against Plaintiff Novi Footwear International Co. Limited ("Novi"):

## INTRODUCTION

1. The asset-based loan industry exists to provide secured financing to entities that would otherwise be unable to obtain unsecured financing. The secured financing that these entities receive provide collateral to the lender in the event that the debtor defaults on its loan. Article 9 of the Uniform Commercial Code ("UCC"), which governs so-called "secured transactions," exists to create a set of uniform rules to manage such relationships. Under Article 9 of the UCC, Second Avenue is the senior secured lender of Earth OpCo LLC ("Earth"), and has the highest priority interest in Earth's assets. In contrast to Second Avenue's position—which is secured by Earth's assets—Novi's alleged interest in Earth's assets is entirely unsecured.

2. Second Avenue holds a perfected, first-priority security interest in all of Earth's assets, goods, and inventory. Second Avenue received that first-priority security interest in consideration for substantial loans that it made to Earth. Before agreeing to make those loans, Second Avenue searched public records to confirm that no other party could claim a prior security interest in Earth's assets, goods, or inventory. Second Avenue's search did not identify any such prior security interest, and Second Avenue relied on the absence of any such interest when it decided to make the relevant loans. Second Avenue only agreed to advance the loans in exchange for a first-priority security interest in all of Earth's assets, including its footwear.

3. Second Avenue perfected its interest by filing a UCC-1 Financing Statement on July 8, 2021. Second Avenue's interest has been a matter of public record since the date of its filing, and Novi has known that Earth's assets are the secured collateral of Earth's lenders since at least June 7, 2022.

4. Novi has never alleged that it holds a perfected security interest in Earth's goods and inventory. Novi has never alleged that it recorded whatever interest it claims to hold. As of this filing, Second Avenue has not located any recording by Novi that asserts an interest in any of Earth's goods. Novi has never alleged that whatever interest it purportedly holds in Earth's assets is superior to Second Avenue's interest. Further, given its knowledge of Earth's business, Second Avenue expects that any payment Earth made to Novi for the goods at issue was funded in whole, or in substantial part, by the proceeds of the loans that Second Avenue made to Earth.

5. Notwithstanding its knowledge that Earth's assets were the secured collateral of Earth's lenders, and without notice to Second Avenue (whose interest was a matter of public record), Novi initiated this action against Earth on June 17, 2022. Novi asserted, among other things, that it had the right to dispose of the goods it had previously shipped to Earth by both (i) re-routing and

reselling goods in transit, and (ii) buying back and reselling goods already in Earth's possession, by offsetting the purchase price against Earth's alleged debts to Novi.

6. To preserve its ability to achieve those goals, Novi sought and obtained a preliminary injunction prohibiting Earth from disposing of any goods manufactured by Novi.

7. Second Avenue received notice of this action and Novi's preliminary injunction on Friday, July 22, 2022.

8. Second Avenue's interest in Earth's goods is superior to Novi's interest. It is Second Avenue, not Novi, who has the right to direct the disposition of Earth's assets. And it is Second Avenue, not Novi, who has a higher-priority claim to Earth's collateral and/or proceeds of Earth's sales of any of its goods, including the goods that are the subject of Novi's preliminary injunction.

9. The preliminary injunction that Novi obtained—without notice to Second Avenue—is inconsistent with Second Avenue's superior interest and is harming Second Avenue.

10. Second Avenue anticipated that Earth would repay its loans using the proceeds of Earth's sales of goods manufactured by Novi. As is customary in the asset-based lending industry, Second Avenue made loans to Earth based on a borrowing base that prescribes net orderly liquidation value of the inventory. Second Avenue understood that Earth was winding down its inventory of shoes, and is relying on its collateral as a source of repayment in conjunction with its security interest. Because of Novi's injunction, however, Earth is now prohibited from selling the relevant goods to satisfy its debt to Second Avenue. Earth still owes Second Avenue a principal balance of $17,160,050.95 as of July 25, 2022, plus accrued interest, fees and other amounts due under the loan documents.

11. The goods in question are seasonal footwear, and their value will likely diminish over time. Although Second Avenue has the right to foreclose on the goods, it is not presently aware of

another seller (besides Earth) who is well-positioned to sell the goods. Novi's injunction is therefore inflicting a harm upon Second Avenue for which Second Avenue has no adequate remedy at law: if Earth cannot sell its goods in the immediate future, then Earth's ability to repay Second Avenue's loan will be jeopardized. In short, Novi's preliminary injunction threatens to (i) reduce the value of Second Avenue's secured collateral and (ii) improperly privilege the interests of a subordinate, unsecured creditor (Novi) at the expense of Earth's first-priority, secured creditor (Second Avenue).

12. This dynamic not only injures Second Avenue as senior creditor—it also hurts Novi and Earth's other junior creditors. To the extent the value of Earth's goods declines, so too could Earth's ability to pay off its loan to Second Avenue. Until Earth repays Second Avenue's loan, interest will continue to accrue, which may in turn reduce the sums available to repay Novi and other junior creditors.

13. Second Avenue therefore brings this declaratory judgment action against Novi. Second Avenue seeks a declaration that its interest in the relevant goods is superior to Novi's. Second Avenue also seeks a modification of the preliminary injunction that Novi obtained, so that Earth can sell the goods manufactured by Novi and use the proceeds to pay its creditors in order of priority.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over Second Avenue's claims against Novi under 28 U.S.C. § 1332(a)(2). Second Avenue's members are all citizens of a state, and none is a citizen of a foreign state. Novi is a citizen of a foreign state. The amount in controversy exceeds $75,000.

15. This Court also has jurisdiction over Second Avenue's claims against Novi under 28 U.S.C. § 1367.

16.     Venue is proper in this district because a substantial part of the events giving rise to the claim occurred here.

## STATEMENT OF FACTS

**A.    Second Avenue's Perfected, First-Priority Security Interest in Earth's Goods.**

17.     Second Avenue specializes in asset-based loans for borrowers in the retail and consumer products industry.

18.     On July 8, 2021, Second Avenue and Earth executed two agreements (collectively, the "Agreements"): a credit agreement (the "Credit Agreement") and a security agreement (the "Security Agreement").

19.     Under the Credit Agreement, Second Avenue extended a multi-million dollar line of credit to Earth.

20.     Under the Security Agreement, Second Avenue's loan was secured with a first-priority security interest in, among other things, all of Earth's assets, goods, equipment, and inventory, "whether now existing or hereafter arising."

21.     Second Avenue perfected its first-priority security interest on the same day it executed the Credit and Security Agreements. It did so by filing a UCC-1 Financing Statement with Delaware's Department of State. The UCC-1 Financing Statement disclosed that the collateral for Second Avenue's loan to Earth included "[a]ll assets of the debtor, wherever located, whether now owned or hereafter acquired or arising, and all products and proceeds of the foregoing."

22.     Per the terms of the Agreements, and as disclosed by the UCC-1 Financing Statement, the collateral for Second Avenue's loan included all of Earth's assets, including goods that had been manufactured by Novi.

23. If Earth defaulted under either of the Agreements, then the Agreements and the UCC gave Second Avenue certain rights and remedies, including the right to foreclose on all of Earth's assets and to direct the disposition of those assets.

24. Similarly, if Earth defaulted, then the Agreements and the UCC gave Second Avenue a first priority right to collect the proceeds of any of Earth's sales until Earth fully satisfied its debt to Second Avenue.

25. Earth has committed multiple defaults under the Agreements. Earth defaulted for the first time roughly six months ago. It has defaulted in multiple ways more recently. For example, and without limitation, it is an Event of Default under the Agreements if Earth is enjoined from conducting any material part of its business. Most of Earth's sales are to retailers, many of whom signed purchase orders with Earth that specify cancel dates if Earth does not deliver ordered goods within a certain amount of time. If Earth is not permitted to sell the goods, and misses the cancel dates, then those customers will likely cancel their orders. As such, selling shoes produced by Novi is a material part of Earth's business, and Earth is currently enjoined from doing so.

26. Earth's defaults have triggered Second Avenue's rights to exercise its remedies as a first-priority secured party (with a perfected interest) under the Agreements and the UCC.

**B.    Novi's Alleged Interest in Earth's Goods.**

27. Novi has never asserted that it holds a perfected security interest in Earth's goods.

28. Novi has never asserted that it recorded whatever interest it purports to hold in Earth's goods.

29. Second Avenue is not aware of any recording reflecting Novi's alleged interest in Earth's goods.

30. Novi has never alleged that whatever interest it allegedly holds in Earth's goods is superior to Second Avenue's security interest.

31. Second Avenue's perfected, first-priority security interest in Earth's goods is superior to any interest allegedly held by Novi.

32. Novi has known, or should have known, about Second Avenue's superior interest since at least June 7, 2022. On that date, Earth's counsel informed Novi's counsel that Novi should "be aware from filings made in the US[] that all Earth inventory located at the Mississippi warehouse . . . is the secured collateral of Earth's lenders and cannot be 'repossessed' by Novi or any other party." By that date, Second Avenue's perfected interest had been a matter of public record for roughly 11 months.

33. Novi has repeatedly demanded that Earth send its inventory to Novi, even though Second Avenue has a perfected, first priority security interest in that inventory.

**C.   Novi Commences this Action Without Notice to Second Avenue, and Obtains a Preliminary Injunction that is Inconsistent with Second Avenue's Superior Interest in Earth's Goods.**

34. Novi commenced this action against Earth on June 17, 2022.

35. Novi asserted, among other things, that it had the right to dispose of the goods it had previously shipped to Earth by both (i) re-routing and reselling goods in transit, and (ii) buying back and reselling goods already in Earth's possession, by offsetting the purchase price against Earth's alleged debts to Novi.

36. Those asserted rights cannot be reconciled with Second Avenue's superior interest in Earth's goods. As a higher-priority creditor with a perfected security interest, it is Second Avenue, and not Novi, who has the rights to foreclose on Earth's goods and collect the proceeds of any of Earth's sales.

37. Novi's filings did not (i) alert the Court to Second Avenue's superior interest, (ii) develop any argument that Novi's rights were superior to Second Avenue's, or (iii) assert that Novi had taken any steps to perfect a cognizable security interest as required by the UCC or the common law.

38. Novi sought and obtained a preliminary injunction that restrained Earth from disposing of goods manufactured by Novi.

39. Novi never provided notice of this action or the preliminary injunction to Second Avenue. Instead, Second Avenue received notice of this action and the preliminary injunction from Earth on Friday, July 22, 2022—the day after the injunction was entered.

**D.      Second Avenue is Suffering a Harm for which it has no Adequate Remedy at Law.**

40. Because Second Avenue's security interest is superior to any interest allegedly held by Novi, Novi has no right to restrain Earth from discharging its obligations to Second Avenue.

41. Second Avenue expected that Earth would use the proceeds of its sales of goods manufactured by Novi to repay Second Avenue's loan. If Earth is not able to sell the relevant goods, then its ability to repay Second Avenue will be diminished.

42. Second Avenue has no adequate remedy other than seeking an emergency modification of the injunction this Court entered on July 21, 2022. Although Second Avenue has the right to foreclose on all of Earth's goods, Second Avenue is not presently aware of an alternative merchant who is well-positioned to sell the goods.

43. The goods are seasonal footwear. Their value is likely depreciating. Novi has affirmatively pled that "the spring/summer season is dwindling," and acknowledged that, with each passing day, the value of Earth's goods will likely depreciate.

44. Novi's injunction therefore threatens to diminish the value of the collateral that secures Second Avenue's loan. Unless the injunction is swiftly modified to permit Earth to sell the goods to satisfy its debts, Earth's ability to repay its creditors, including Second Avenue, will be impaired.

45. Because Novi's alleged interest is inferior to Second Avenue's, it should not be permitted to encumber the collateral that secures Second Avenue's perfected interest, particularly where doing so threatens to reduce the value of the collateral.

### COUNT I – DECLARATORY JUDGMENT

46. Second Avenue incorporates all of the allegations in the preceding paragraphs.

47. There is a controversy between Second Avenue and Novi with respect to the security interests in and disposition of Earth's goods.

48. Second Avenue is entitled to a declaration, pursuant to 28 U.S.C. § 2201, that Second Avenue's interest in Earth's goods, including the goods manufactured by Novi, is superior to any interest held by Novi.

### COUNT II – INJUNCTIVE RELIEF

49. Second Avenue incorporates all of the allegations in the preceding paragraphs.

50. Second Avenue is entitled to an order modifying the preliminary injunction that this Court previously entered on July 21, 2022, so that Earth is permitted to sell goods manufactured by Novi and use the proceeds of such sales for the sole purpose of repaying its creditors in order of priority.

### COUNT III – UNJUST ENRICHMENT

51. Second Avenue incorporates all of the allegations in the preceding paragraphs.

52. Second Avenue loaned money to Earth that Earth used to purchase footwear.

53. Second Avenue advanced these loans in reliance on its first-priority security interest in all of Earth's assets, including its footwear.

54. Notwithstanding Second Avenue's first priority security interest, Novi has unjustly encumbered and pursued possession of Second Avenue's collateral.

55. As a result, Novi has been unjustly enriched to Second Avenue's detriment.

## **COUNT IV – CONVERSION**

56. Second Avenue incorporates all of the allegations in the preceding paragraphs.

57. Second Avenue has a first-priority security interest in all of Earth's goods and inventory.

58. Novi has sought control over Earth's goods in which Second Avenue has a superior interest.

59. As a result, Novi has engaged in wrongful acts of control or dominion over property to which Novi has no right of possession.

## **PRAYER FOR RELIEF**

Second Avenue requests judgment against Novi as follows:

60. A declaration, pursuant to 28 U.S.C. § 2201, that Second Avenue's interest in Earth's goods, including the goods manufactured by Novi, is superior to any interest held by Novi.

61. An order modifying the injunction that this Court previously entered on July 21, 2022 so that Earth is permitted to sell goods manufactured by Novi, but must use the proceeds for the sole purpose of repaying its creditors in order of priority.

62. An order restraining Novi from taking any future steps that are inconsistent with Second Avenue's superior interest in Earth's goods.

63. An award of damages (in excess of $75,000) and interest.

Respectfully submitted,

SECOND AVENUE CAPITAL PARTNERS LLC

By its attorneys,

*/s/ Jean-Paul Jaillet*
Jean-Paul Jaillet (BBO#: 647299)
Samuel N. Rudman (BBO#: 698018)
John C. Calhoun (BBO#: 694479)
Preston F. Bruno (BBO#: 699335)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA  02110
Tel.: (617) 248-5000
Fax: (617) 248-4000
jjaillet@choate.com
srudman@choate.com
jcalhoun@choate.com
pbruno@choate.com

Dated:  July 27, 2022

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system on July 27, 2022 and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

>*/s/ Jean-Paul Jaillet*
>Jean-Paul Jaillet (BBO#: 647299)