# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NOVI FOOTWEAR INTERNATIONAL CO. LIMITED,<br><br>     Plaintiff,<br><br>v.<br><br>EARTH OPCO LLC, WINDSONG CAPITAL MANAGEMENT LLC, AND WILLIAM SWEEDLER,<br><br>     Defendants,<br><br>SECOND AVENUE CAPITAL PARTNERS LLC,<br><br>     Intervenor Defendant. | Civil Action No. 1:22-cv-10952-RGS |

**SECOND AVENUE CAPITAL PARTNERS LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO HOLD DEFENDANTS IN CONTEMPT FOR VIOLATION OF <u>TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION</u>**

**I.     PRELIMINARY STATEMENT**

Novi is trying to use Earth's alleged contempt to seize Second Avenue's collateral. By doing so, Novi apparently seeks to evade the central question presented by this case (and this motion): who holds the superior interest in Earth's inventory -- Second Avenue or Novi? That threshold question must be resolved at the outset, for only the party who holds the superior interest is entitled to direct the disposition of Earth's goods. In its pending motion to modify the preliminary injunction (Dkt. No. 44), Second Avenue explained why, under the UCC, its perfected, first-priority security interest is superior to whatever interest Novi allegedly holds. Novi has not developed any argument to the contrary in this motion.

Indeed, Novi's approach to this litigation apparently depends on the fiction that Second Avenue does not exist. Novi's contempt motion never mentions Second Avenue. Novi's motion never explains why it, rather than Second Avenue, has the right to direct the disposition of Earth's goods. And Novi's motion never addresses how the relief it seeks would impact Second Avenue, Earth's senior, secured lender. It is no surprise, then, that Novi failed to meet and confer with Second Avenue before filing its motion.

The fiction that Second Avenue does not exist, however, is no substitute for an argument justifying the relief Novi seeks. Novi's decision to ignore Second Avenue has caused it to pursue remedies to which it has no right, and to violate this Court's rules. Second Avenue takes no position regarding whether Earth should be held in contempt, because Second Avenue does not know whether Earth violated this Court's order. The relief sought by Novi, however, has no basis in law. On the contrary, it would effectively destroy Second Avenue's perfected, senior interest in Earth's goods -- even though it is undisputed that Second Avenue is an innocent third party.

Because Novi has no right -- via a contempt motion or otherwise -- to compromise Second Avenue's superior interest in Earth's goods, Novi's motion should be denied.

When Novi filed this motion, Second Avenue learned for the first time that Novi was attempting to seize Earth's goods -- both via Novi's exercise of its alleged right to repurchase the goods, and via its motion, which seeks an order requiring Earth to "release the remaining Goods to Novi." Because Novi has taken all of these steps without ever addressing Second Avenue's superior and secured interest, Second Avenue is now exercising its rights in the collateral. Earlier today, Second Avenue noticed a public sale of Earth's goods for August 30, 2022.

As a result, at Thursday's hearing, the Court will be squarely presented with the following question: which of the parties claiming the right to possess Earth's goods -- Novi or Second Avenue -- has the superior interest? For the reasons set forth in Second Avenue's separate reply in support of its Motion to Modify the Preliminary Injunction, controlling law leaves no doubt about the answer to that question: it is Second Avenue, *i.e.*, the party who holds a perfected, first-priority interest in the goods (as opposed to Novi, which per the Court, has at best an unperfected security interest or its "equivalent"). For the reasons that follow, nothing about Novi's contempt motion changes the answer to that question.

## II.     BACKGROUND

### A.     Second Avenue Is Earth's Senior Secured Lender.

Second Avenue's pending motion to modify the preliminary injunction sets forth the full contractual background of its relationship with Earth. *See* Mem. of Law in Supp. of Second Avenue's Emergency Mot. to Modify the Prelim. Inj. (Dkt. No. 45) ("Mem.") at 3–4. Second Avenue provides an abbreviated version of that history here.

Second Avenue executed two agreements with Earth in July 2021: a Credit Agreement and a Security Agreement (collectively, the "Agreements"). *Id.* at 3. In exchange for providing

Earth with a line of credit and loans, on July 8, 2021, Earth granted Second Avenue a lien and first-priority security interest in all of Earth's goods. *Id.* On the same day that Second Avenue executed the Agreements with Earth, it perfected its security interest in the goods by filing a UCC-1 Financing Statement with the Delaware Department of State. *Id.* at 3–4. Second Avenue's interest in Earth's goods has been a matter of public record ever since. Second Avenue's security interest predates the agreement -- executed on February 13, 2022 -- on which Novi relies upon for the creation of its interest in the goods.

By contrast, despite being a sophisticated party, Novi has never asserted that it took steps to protect its interest in Earth's goods or secure payment, by, for example, obtaining a perfected security interest, requiring a sufficient letter of credit, or demanding full payment in advance of shipment. Novi has never claimed that it recorded whatever interest it purports to hold. Novi has never alleged that its purported interest in Earth's goods is superior to Second Avenue's under the UCC.

B. This Litigation.

Novi commenced this action against the Earth parties on June 17, 2022. Novi alleged, among other things, that Earth had breached certain contracts with Novi. *See, e.g.*, Compl. (Dkt. No. 1) ¶¶ 39–47. As a result of Earth's alleged breaches, Novi claimed the right to dispose of the goods it had previously shipped to Earth by both (i) re-routing and reselling goods in transit, and (ii) buying back and reselling goods already in Earth's possession, by offsetting the purchase price against Earth's alleged debts to Novi. *See* Pl.'s Mem. of Law in Opp. to Defs.' Em. Mot. to Dissolve the TRO (Dkt. No. 29) at 1–2.

On June 22, Novi sought a preliminary injunction to prohibit Earth from disposing of goods manufactured by Novi. Pl.'s Mot. for a Prelim. Inj. (Dkt. No. 5). Novi applied for that injunction without fully briefing how its alleged interest in Earth's goods compared to Second Avenue's

interest.  On the basis of the briefing then before it, the Court granted Novi's request for a preliminary injunction on July 21, and prohibited Earth from "disposing of goods manufactured by Novi."  Mem. and Order on Mot. for Prelim. Inj. and Mot. to Dissolve TRO (Dkt No. 40) at 12.

Neither Novi nor Earth informed Second Avenue of this action until the day after the Court entered the preliminary injunction.  Mem. at 6.  Five days later, Second Avenue moved to intervene and sought to modify the preliminary injunction.  Second Avenue's Unopposed Em. Mot. to Intervene (Dkt. No. 42).  As Second Avenue explained in its papers, the injunction is compromising Second Avenue's superior interest in Earth's goods.  *See, e.g.*, Mem. at 12–14.  The Court granted Second Avenue's motion to intervene on July 28.  Dkt. No. 53.  Second Avenue's motion to modify the preliminary injunction will be heard on August 18.  Dkt. No. 55.

        C.      This Motion.

Novi filed this contempt motion on August 5.  *See* Pl.'s Mem. of Law in Supp. of Mot. to Hold Defs. in Contempt (Dkt. No. 58) ("Contempt Mot.").  Novi contends that Earth violated the preliminary injunction, and therefore should be held in contempt.  Among other things, Novi requests that the Court:  (i) order Earth to "release the remaining Goods to Novi," (ii) order Earth "to pay Novi the market value" of the goods it has shipped since July 14, and (iii) require Earth to honor Novi's alleged right to repurchase Earth's goods, on pain of a $10,000 daily fine.  *Id.* at 2.

Novi's motion never mentions Second Avenue.  Novi's motion never attempts to explain why Novi, rather than Second Avenue, has a superior interest in Earth's goods.  Novi never met and conferred with Second Avenue in advance of filing its motion.

**III.     ARGUMENT**

        A.     <u>The Remedies Novi Seeks Are Inappropriate Because Second Avenue Has The Superior Interest In Earth's Inventory.</u>

For two reasons, Novi has no right to the remedies it seeks: (i) Second Avenue, not Novi, is entitled to the goods and/or proceeds of any sales of the goods, and (ii) a remedy for contempt cannot compromise the interests of an innocent third party.

Sanctions for civil contempt must be calculated to achieve either, or both, of two purposes: compelling compliance with a court order, or compensating a harmed party for losses sustained due to the alleged contempt. *United States v. United Mine Workers*, 330 U.S. 258, 303–04 (1947); *see Eck v. Dodge Chem. Co. (In re Power Recovery Sys.)*, 950 F.2d 798, 802 (1st Cir. 1991) (same). "These sanctions are not punitive, but purely remedial." *Eck*, 950 F.2d at 802. When a party requests a compensatory sanction, it "must of course be based upon evidence of complainant's actual loss." *United Mine Workers*, 330 U.S. at 304.

Novi has not seriously attempted to satisfy that standard, because it has not addressed which party has the right to direct the disposition of Earth's goods. In other words, Novi has not established that it, rather than Second Avenue, is the party suffering an "actual loss" who has standing to repossess Earth's goods or to collect the proceeds of Earth's sales. *See id.* For all the reasons set forth in Second Avenue's briefing of its pending motion to modify the preliminary injunction, Second Avenue, and not Novi, is entitled to those remedies. *See, e.g.*, Mem. at 8–10; Second Avenue's Reply in Supp. of Its Em. Mot. to Modify the Prelim. Inj. (Aug. 16, 2022) at 1–10.

Novi has not developed any argument to the contrary, so it cannot justify the relief it seeks. In essence, Novi is attempting to resolve the merits of its dispute with Second Avenue via a

contempt motion against Earth, and it seeks to do so without addressing the merits of Second Avenue's position. No authority permits that result.

On the contrary, Novi's proposed remedies would contravene fundamental principles of sanctions. Where parties seek sanctions that would impair the rights of innocent third parties, courts reject them. *See McGregor v. Chierico*, 206 F.3d 1378, 1386 (11th Cir. 2000); *Hays v. Gama*, 205 Ariz. 99, 102 (2003). That is because it is "unjust" to force a non-contemnor "to relinquish any innocently held property rights." *McGregor*, 206 F.3d at 1386; *Hays*, 205 Ariz. at 102 (explaining that courts should narrowly tailor sanctions and consider how they "impact[] an innocent third party"). The Eleventh Circuit, for example, has concluded that the property rights of innocent third parties are "unreachable" by the Court's contempt power. *McGregor*, 206 F.3d at 1386.

The relief sought by Novi would effectively destroy Second Avenue's perfected, first-priority interest in Earth's goods. Novi seeks an order requiring (i) the goods to be released to it, (ii) the proceeds of all alleged recent sales to be paid to it, and (iii) Earth to honor Novi's alleged right to repurchase the goods. Contempt Mot. at 2. As discussed in Second Avenue's briefing of its motion to modify the preliminary injunction, however, those remedies properly belong to Second Avenue. Granting Novi's request would therefore impair Second Avenue's property rights, even though Second Avenue is an innocent third party to the alleged contempt. The law forbids that result, and Novi has not identified any authority to the contrary. For each of these reasons, Novi cannot establish that it is entitled to the relief it seeks.

   B. <u>Novi Violated Local Rule 7.1 And Its Motion Should Be Summarily Denied.</u>

Novi's motion also should be denied because Novi failed to meet and confer with Second Avenue's counsel, in violation of this Court's rules. In this District, counsel must accompany each motion with a certification that "they have conferred and attempted in good faith to resolve or

narrow the issue." L.R. 7.1(a)(2). This local rule "serves a meaningful dual role: it fosters discussion between parties about matters before they come before the court, and it preserves scarce judicial resources. Failure on the part of a litigant to comply with the rule not only affects the other parties, but it impedes the court's process as well." *Bessette v. IKO Indus.*, No. 4:19-cv-40017, 2020 U.S. Dist. LEXIS 110307, at *1–2 (D. Mass. Apr. 22, 2020) (quoting *Martinez v. Hubbard*, 172 F. Supp. 3d 378, 385 (D. Mass. 2016)).

Second Avenue is a party to this case. *See* Dkt. No. 53. Before filing its motions to intervene and to modify the preliminary injunction, Second Avenue conferred separately with counsel for both Novi and Earth. Novi, however, did not confer with Second Avenue before filing the contempt motion. Novi does not contend otherwise. According to Novi, it conferred with "Defendants," but it defined "Defendants" to mean only the Earth parties. Pl.'s Mot. to Hold Defs. in Contempt for Violation of TRO and Prelim Inj. (Dkt. No. 57) at 1, 3. Novi thus violated Local Rule 7.1.

Where a party fails to meet and confer before filing a motion, the Court may summarily deny the motion. *See, e.g.*, *Bessette*, 2020 U.S. Dist. LEXIS 110307, at *2 (summarily denying motion for failure to comply with Local Rule 7.1's conferral requirement); *Direnzo Towing & Recovery Inc. v. Owner-Operator Indep. Drivers Ass'n*, No. 4:16-10073, 2016 U.S. Dist. LEXIS 59295, at *2–4 (D. Mass. May 4, 2016) (summarily denying motion for failure to comply with Local Rule 7.1); *CMRK, Inc. v. Tampico Trading Grp.*, No. 4:17-cv-40023-TSH, 2017 U.S. Dist. LEXIS 183179, at *3 (D. Mass. Nov. 6, 2017) (same).

That result is appropriate here, primarily for reasons of judicial efficiency. As discussed above, evaluating the remedies sought by Novi will require the Court to resolve the key merits question: whether Novi or Second Avenue holds a superior interest in Earth's goods. That

question is squarely presented by Second Avenue's motion to modify the preliminary injunction, which is set for a hearing on Thursday. Moreover, Novi has not addressed that question in this motion. Second Avenue's motion to modify is therefore a superior vehicle for deciding the common questions presented by these motions, and the Court should enforce Local Rule 7.1 by summarily rejecting the relief Novi seeks.

## IV. CONCLUSION

For all of these reasons, Second Avenue respectfully submits that Novi's motion should be denied, insofar as it seeks to require Earth to transfer goods or pay money to Novi rather than Second Avenue.

Respectfully submitted,

SECOND AVENUE CAPITAL PARTNERS LLC

By its attorneys,

*/s/ Jean-Paul Jaillet*
Jean-Paul Jaillet (BBO#: 647299)
Samuel N. Rudman (BBO#: 698018)
John C. Calhoun (BBO#: 694479)
Preston F. Bruno (BBO#: 699335)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA  02110
Tel.: (617) 248-5000
Fax: (617) 248-4000
jjaillet@choate.com
srudman@choate.com
jcalhoun@choate.com
pbruno@choate.com

Dated:  August 16, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system on August 16, 2022 and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Jean-Paul Jaillet*
Jean-Paul Jaillet (BBO#: 647299)