UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NOVI FOOTWEAR INTERNATIONAL CO. LIMITED,<br><br>  Plaintiff,<br><br>v.<br><br>EARTH OPCO LLC, WINDSONG CAPITAL MANAGEMENT LLC, AND WILLIAM SWEEDLER,<br><br>  Defendants,<br><br>SECOND AVENUE CAPITAL PARTNERS LLC,<br><br>  Intervenor Defendant. | Civil Action No. 1:22-cv-10952-RGS |

**SECOND AVENUE CAPITAL PARTNERS LLC'S
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, Second Avenue Capital Partners LLC ("Second Avenue") moves for summary judgment on its claim for a declaration that (1) Second Avenue's interest in the goods delivered to Earth OpCo LLC ("Earth") is superior to any interest claimed by Novi Footwear International Co. Limited ("Novi"); and (2) Second Avenue is entitled to the goods or proceeds of the sale of the goods.

This case presents a recurring question under the UCC. Who has the superior interest in goods delivered to a buyer: the unpaid seller of the goods or the buyer's secured creditor? Controlling decisions of the Supreme Judicial Court ("SJC") and the text of the UCC both resolve that question in favor of the secured creditor. Where a secured creditor (like Second Avenue) timely perfects its security interest in the goods, and an unpaid seller (like Novi) never publicly

records or otherwise perfects whatever interest it asserts, courts uniformly hold that the secured creditor holds the superior interest.

Novi has adopted different positions at different times concerning its alleged interest in Earth's goods. Second Avenue is not aware of Novi's current position, but Novi has suggested that it may raise some combination of the three arguments addressed below. Each one is meritless.

First, Novi may argue that it retained title to the goods under its contracts with Earth, so Second Avenue's security interest never attached. The SJC has held, however, that the UCC forbids sellers from retaining title past the date of delivery, and that buyers may convey a valid security interest to a third party even if they fail to pay for the relevant goods.

Second, Novi has suggested that it is an unsecured creditor, but that it has a right to reclaim the goods from Earth. This argument, too, is foreclosed by the text of the UCC and the decisions of the SJC. Although unpaid sellers have reclamation rights under certain circumstances, those rights are inferior to the rights of a secured creditor, like Second Avenue.

Finally, Novi has suggested that it is a consignor of the goods and that Earth is its consignee. Even if that is true, it does not change the result in this case. To obtain priority for any security interest Novi could have held as a consignor, Novi needed to: (i) perfect its interest, which would be accomplished by filing a UCC-1 Financing Statement; and (ii) provide notice to all of Earth's perfected creditors. It is undisputed that Novi failed to do so. As a result, whatever unperfected interest Novi may have in the goods is inferior to Second Avenue's perfected security interest.

Novi, which is part of a highly sophisticated global conglomerate, could have protected the rights it asserts in several different ways. Legally, it could have simply followed the steps prescribed by the UCC for perfecting a security interest. Practically, Novi could have required

Earth to post an adequate letter of credit before shipping the goods (as it had done in the past), or it could have required payment up front or by certified check. Novi chose to do none of those things. As a result, whatever unperfected interest Novi may hold is inferior to Second Avenue's interest as Earth's secured creditor. Any other result would permit the kind of hidden-title subterfuge that the UCC sought to prohibit.

Support for this motion is set forth in Second Avenue's accompanying Memorandum.

## REQUEST FOR ORAL ARGUMENT

Pursuant to L.R. 7.1(d), Second Avenue Capital Partners LLC respectfully requests oral argument on this motion.

    Respectfully submitted,

    SECOND AVENUE CAPITAL PARTNERS LLC

    By its attorneys,

    */s/ Jean-Paul Jaillet*
    Jean-Paul Jaillet (BBO#: 647299)
    Samuel N. Rudman (BBO#: 698018)
    John C. Calhoun (BBO#: 694479)
    Preston F. Bruno (BBO#: 699335)
    CHOATE, HALL & STEWART LLP
    Two International Place
    Boston, MA  02110
    Tel.: (617) 248-5000
    Fax: (617) 248-4000
    jjaillet@choate.com
    srudman@choate.com
    jcalhoun@choate.com
    pbruno@choate.com

Dated:  September 9, 2022

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Second Avenue Capital Partners LLC conferred with counsel for Plaintiff and Defendants before filing this motion. Plaintiff opposes this motion. Defendants do not oppose the filing of this motion.

                                               */s/ Jean-Paul Jaillet*
                                               Jean-Paul Jaillet (BBO#: 647299)

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system on September 9, 2022 and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                               */s/ Jean-Paul Jaillet*
                                               Jean-Paul Jaillet (BBO#: 647299)