UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NOVI FOOTWEAR INTERNATIONAL CO. LIMITED,<br><br> Plaintiff,<br><br>v.<br><br>EARTH OPCO LLC, WINDSONG CAPITAL MANAGEMENT LLC, AND WILLIAM SWEEDLER,<br><br> Defendants,<br><br>SECOND AVENUE CAPITAL PARTNERS LLC,<br><br> Intervenor Defendant. | Civil Action No. 1:22-cv-10952-RGS |

**LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF SECOND AVENUE CAPITAL PARTNERS LLC'S MOTION FOR <u>SUMMARY JUDGMENT</u>**

Intervenor Defendant Second Avenue Capital Partners LLC ("Second Avenue") respectfully submits this statement of undisputed material facts, pursuant to Local Rule 56.1, in support of its Motion for Summary Judgment. The undisputed material facts as to which there is no genuine issue to be tried are:

**I.      Second Avenue And Its Relationship With Earth.**

1. Second Avenue is a commercial lender. [Decl. of Mark E. Gallivan in Supp. of Second Avenue Capital Partners LLC's Mot. for Summary Judgment ("Gallivan Decl.") ¶ 1].

2. On July 8, 2021, Second Avenue entered into a Credit Agreement with Earth OpCo LLC ("Earth"). [Gallivan Decl. ¶¶ 2–3, Ex. 1 (Credit Agreement)].

3. On July 8, 2021, Second Avenue and Earth entered into a Security Agreement (with the Credit Agreement, the "Agreements"). [Gallivan Decl. ¶ 3, Ex. 2 (Security Agreement)].

4. The Agreements provided for a line of credit and loans to Earth, while Second Avenue received a lien and security interest in Earth's assets. [Gallivan Decl. ¶ 4, Ex. 1 at 1 (Credit Agreement), Ex. 2 at 1, 6–8 (Security Agreement)]; see [Decl. of Preston F. Bruno, Esq. in Supp. of Second Avenue Capital Partners LLC's Mot. for Summary Judgment ("Bruno Decl."), Ex. 3 ¶ 15 (Tarshis Decl.) (Dkt. No. 28)].

5. Specifically, the Security Agreement granted Second Avenue "a lien on and security interest in and to all of the right, title and interest of" Earth "in, to and under all personal property and interests in such personal property, wherever located, and whether now existing or hereafter arising or acquired from time to time." [Gallivan Decl. ¶ 4, Ex. 2 at 6–7 (Security Agreement)]; see [Bruno Decl., Ex. 3 ¶ 15 (Tarshis Decl.) (Dkt. No. 28)].

6. The Security Agreement states that Second Avenue's security interest applies to "all Goods, including Equipment, Inventory and Fixtures" of Earth.  [Gallivan Decl. ¶ 4, Ex. 2 at 7 (Security Agreement)].

7. On July 8, 2021, Second Avenue filed a UCC-1 Financing Statement with the Delaware Department of State.  [Gallivan Decl. ¶ 5, Ex. 3 at 2 (UCC-1 Financing Statement)].

8. The UCC-1 Financing Statement described the collateral as "[a]ll assets of the debtor [Earth], wherever located, whether now owned or hereafter acquired or arising, and all products and proceeds of the foregoing."  [Gallivan Decl. ¶ 5, Ex. 3 at 2 (UCC-1 Financing Statement) (alteration added)].

9. Earth defaulted and is currently in default under the Credit Agreement.  [Gallivan Decl. ¶¶ 6–8, Ex. 4 (Notice of Default), Ex. 5 at 1 (Notice of Acceleration of Indebtedness and Demand for Payment)].

10. On January 24, 2022, Second Avenue notified Earth of its default under the Credit Agreement.  [Gallivan Decl. ¶ 6, Ex. 4 at 1 (Notice of Default)].

11. Earth failed to comply with the minimum Consolidated EBITDA covenant set forth in § 7.20(a) of the Credit Agreement with respect to the Measurement Period ending on November 30, 2021.  [Gallivan Decl. ¶ 6, Ex. 4 at 1 (Notice of Default)].

12. On August 15, 2022, Second Avenue sent a "Notice of Acceleration of Indebtedness and Demand for Payment" to Earth, which stated in part: "In the event that the Borrower fails to make such payment forthwith, the Agent may elect to exercise the various rights and remedies it holds against the Borrower and the Borrower's property under the Loan Documents and applicable Law."  [Gallivan Decl. ¶ 8, Ex. 5 at 2 (Notice of Acceleration of Indebtedness and Demand for Payment)].

13. Earth has not paid Second Avenue in full. [Gallivan Decl. ¶ 9].

14. As of September 8, 2022, the principal amount outstanding in loans from Second Avenue to Earth was $13,708,448.09. [Gallivan Decl. ¶ 10].

**II.   Novi And Its Relationship With Earth.**

15. Novi Footwear International Co. Limited ("Novi") "is a member of the Wortmann Group of companies, one of the largest shoe production and distribution companies in Europe." [Bruno Decl., Ex. 1 ¶ 17 (Compl.) (Dkt. No. 1), Ex. 2 ¶ 6 (Seng Decl.) (Dkt. No. 8)].

16. Novi is a footwear manufacturer that "provides sourcing and manufacturing services to many well-known private label customers." [Bruno Decl., Ex. 1 ¶ 17 (Compl.) (Dkt. No. 1), Ex. 2 ¶ 6 (Seng Decl.) (Dkt. No. 8)].

17. Earth owns trademarks that it uses in the sale of footwear in the United States and elsewhere. [Bruno Decl., Ex. 3 ¶ 3 (Tarshis Decl.) (Dkt. No. 28)].

18. Novi and Earth contracted for Novi to supply footwear to Earth that Earth would then sell under its trademarks. [Bruno Decl., Ex. 1 ¶ 18 (Compl.) (Dkt. No. 1), Ex. 2 ¶ 7 (Seng Decl.) (Dkt. No. 8), Ex. 3 ¶ 5 (Tarshis Decl.) (Dkt. No. 28)].

19. Novi began shipping footwear to Earth pursuant to a contract dated June 10, 2020. [Bruno Decl., Ex. 1 ¶¶ 18–21 (Compl.) (Dkt. No. 1), Ex. 2, ¶¶ 7–10, ECF Page Nos. 8–10[1] (Seng Decl.) (Dkt. No. 8)].

20. Novi required Earth to post a "standby letter of credit" in connection with its orders, originally "in the amount of $1.5 million, which increased to $4 million as of November 16, 2020

---

[1] For clarity, where a declaration has been filed with the exhibits directly attached, Second Avenue provides pinpoint citations to the declaration exhibits using the ECF page number(s).

3

and $5.5 million as of November 20, 2020." [Bruno Decl., Ex. 1 ¶ 20 (Compl.) (Dkt. No. 1), Ex. 2 ¶ 9 (Seng Decl.) (Dkt. No. 8)].

21. After Novi drew all $5.5 million from that letter of credit in January 2022, Novi alleged that Earth still owed it at least $4.9 million. [Bruno Decl., Ex. 1 ¶ 32 (Compl.) (Dkt. No. 1), Ex. 2 ¶ 21, ECF Page No. 19 (Seng Decl.) (Dkt. No. 8)].

22. On February 13, 2022, Novi entered into a new contract with Earth. [Bruno Decl., Ex. 1 ¶ 30 (Compl.) (Dkt. No. 1), Ex. 2 ¶¶ 19, 21, ECF Page Nos. 17–21 (Seng Decl.) (Dkt. No. 8)].

23. Under its contracts with Earth, Novi delivered goods to Earth. [Bruno Decl., Ex. 1 ¶¶ 21, 26, 33 (Compl.) (Dkt. No. 1), Ex. 2 ¶¶ 10, 15, 22 (Seng Decl.) (Dkt. No. 8)].

24. The goods that Novi delivered to Earth, and which Earth has not yet sold, are currently in a warehouse in Mississippi. [Bruno Decl., Ex. 4 at ECF Page Nos. 7, 10 (Boppart Decl.) (Dkt. No. 7)]; [Gallivan Decl. ¶ 11].

25. On July 15, 2022, Novi stated that upon default of the February 13, 2022 agreement with Earth: "in the case of Goods already held in Defendants' possession, Novi may buy them back in the form of a credit given Defendants' debt and re-sell them." [Bruno Decl., Ex. 10 at 1–2 (Pl.'s Mem. of Law in Opp. to Defs'. Em. Mot. to Dissolve the TRO) (Dkt. No. 29)].

26. On July 29, 2022, Novi sent Earth a letter that said, in part: "This provides notice to Earth Opco LLC ('*EARTH*') that Novi Footwear International Inc. ('*NOVI*') is exercising its option to purchase goods sold by NOVI to EARTH and still owned by EARTH". [Bruno Decl., Ex. 6 (Notice of Exercise of Option to Purchase Goods) (Dkt. No. 59-2) (emphasis in original)]; *see* [Bruno Decl., Ex. 5 ¶ 7 (Klueber Decl.) (Dkt. No. 59)].

4

27. On August 5, 2022, Novi stated that it had an option to "purchase" the goods from Earth and asked the Court to enforce that option. [Bruno Decl., Ex. 11 at 2, 6, 10 (Pl.'s Mem. of Law in Supp. of Mot. to Hold Defs. in Contempt for Violating TRO and Prelim. Inj.) (Dkt. No. 58)].

28. Novi has never recorded any security interest in Earth's goods. *See* [Gallivan Decl. ¶ 12].

29. Second Avenue has not identified any financing statement filed by Novi concerning the goods in Earth's possession. [Gallivan Decl. ¶ 12].

30. Prior to Novi's delivery of goods to Earth, Novi never notified Second Avenue of any alleged interest of Novi in Earth's goods. [Gallivan Decl. ¶ 12].

31. Second Avenue learned of Novi's alleged interest in the goods delivered to Earth when Second Avenue received notice of this lawsuit on July 22, 2022. [Gallivan Decl. ¶ 13].

Respectfully submitted,

SECOND AVENUE CAPITAL PARTNERS LLC

By its attorneys,

*/s/ Jean-Paul Jaillet*
Jean-Paul Jaillet (BBO#: 647299)
Samuel N. Rudman (BBO#: 698018)
John C. Calhoun (BBO#: 694479)
Preston F. Bruno (BBO#: 699335)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA  02110
Tel.: (617) 248-5000
Fax: (617) 248-4000
jjaillet@choate.com
srudman@choate.com
jcalhoun@choate.com
pbruno@choate.com

Dated:  September 9, 2022

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system on September 9, 2022 and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Jean-Paul Jaillet*
Jean-Paul Jaillet (BBO#: 647299)