UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-10952-RGS

NOVI FOOTWEAR INTERNATIONAL CO. LIMITED, Plaintiff

v.

EARTH OPCO LLC, WINDSONG CAPITAL MANAGEMENT LLC, and
WILLIAM SWEEDLER, Defendants, and

SECOND AVENUE CAPITAL PARNTERS LLC, Intervenor Defendant.

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO DISMISS

November 2, 2022

STEARNS, D.J.

Novi Footwear International Co. Limited (Novi) brought this action against Earth OpCo LLC (Earth); Windsong Capital Management LLC (Windsong), an affiliate of Earth's private equity owner; and William Sweedler, the CEO of Windsong and Earth. Novi seeks to hold defendants liable for the alleged breach of contracts for the purchase of specialty footwear. The Complaint is set out in five Counts against all defendants: breach of contract (Count I), goods sold and delivered (Count II), unjust enrichment (Count III), conversion (Count IV), and a claim for injunctive relief (Count V). Defendants now move to dismiss Counts I and II as to

Windsong and Sweedler, and Counts III, IV, and V as to all defendants. After careful review of the parties' arguments, the court will <u>ALLOW IN PART</u> and <u>DENY IN PART</u> the motion to dismiss.

## BACKGROUND

The court recited the facts of the case in its preliminary injunction order (Dkt # 40) and its Summary Judgment order (Dkt # 104), and, assuming the parties' familiarity with those opinions, will simply recite the Complaint's core allegations.

Novi manufactures and sources footwear products for shoe brands, including Earth. In June of 2020, Earth entered into a Product Exclusivity Agreement with Novi for the purchase of seasonal and specially made footwear bearing Earth's trademarks. The parties entered a subsequent agreement (the November 1, 2020 Letter Agreement) granting Novi an option to sell the footwear products directly under the Earth label should Earth default on its payment obligations.

Windsong Global LLC acquired Earth in 2021. Following the acquisition, Earth unilaterally determined that it would extend the time during which it would make payments on Novi's invoices. In November of 2021, Earth informed Novi that it would not make payments in full and asked

2

to defer the payment of outstanding invoices. The parties entered into a Letter Agreement on December 21, 2021, in which Earth acknowledged its debt to Novi and authorized Novi to sell Earth-labeled footwear products once Earth's debt exceeded $3 million.

That arrangement did not endure. On January 3, 2022, after Earth remained in default, Novi cancelled pending shipments and demanded that Earth enter a more tangible payment plan. Those negotiations culminated in the February 13, 2022 Letter Agreement, in which Earth agreed to an installment payment plan covering the $9.6 million it then owed Novi for Earth's spring/summer 2022 product line. The agreement further provided that in the event of another default, Novi would retain title to the footwear products and/or would have the right to sell the products directly to third parties. Earth also agreed to pay Novi the $4.9 million it owed for the fall/winter 2021 product line by September 30, 2022.

Novi resumed shipments to Earth shortly after the execution of the February 13, 2022 Letter Agreement. Earth promptly defaulted on the payment plan, refused to make payments on the outstanding invoices, and declined to return the footwear products to Novi. Novi alleges that Sweedler is now deliberately bankrupting Earth by using Windsong to

extract management service fees from Earth.

## DISCUSSION

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard invites a two-step inquiry. First, "the court must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012). Second, the court "must determine whether the 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.*, quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### A. Breach of Contract (Count I) and Goods Sold and Delivered (Count II)

Defendants assert that Novi's breach of contract and goods sold and delivered claims should be dismissed as to Windsong and Sweedler because the Complaint alleges that Earth alone was party to the contractual relationships that figure in the dispute. For its part, Novi seeks to hold Sweedler and Windsong liable on a theory of piercing the corporate veil.

Under Massachusetts law, there is a strong presumption of corporate

4

separateness. *See Scott v. NG U.S. 1, Inc.*, 450 Mass. 760, 766 (2008). Thus, courts will look beyond the corporate form "[o]nly in rare instances, in order to prevent gross inequity." *Spaneas v. Travelers Indem. Co.*, 423 Mass. 352, 354 (1996). It is insufficient for a parent to exercise "some form of pervasive control" over the subsidiary; there must be "some fraudulent or injurious consequence of the intercorporate relationship," or "a confused intermingling of activity of two or more corporations engaged in a common enterprise *with substantial disregard of the separate nature of the corporate entities*, or serious ambiguity about the manner and capacity in which the various corporations and their respective representatives are acting." *Scott*, 450 Mass. at 767. In determining whether to pierce the corporate veil, the court looks to twelve factors:

> (1) common ownership; (2) pervasive control; (3) confused intermingling of business activity assets, or management; (4) thin capitalization; (5) nonobservance of corporate formalities; (6) absence of corporate records; (7) no payment of dividends; (8) insolvency at the time of the litigated transaction; (9) siphoning away of corporate assets by the dominant shareholders; (10) nonfunctioning of officers and directors; (11) use of the corporation for transactions of the dominant shareholders; (12) use of the corporation in promoting fraud.

*Evans v. Multicon Constr. Corp.*, 30 Mass. App. Ct. 728, 733 (1991), citing *Pepsi-Cola Metro. Bottling Co. v. Checkers*, 754 F.2d 10, 14-16 (1st Cir. 1985).

Applying these factors, the court concludes that Novi has not alleged

5

sufficient facts in support of its corporate veil theory. Novi primarily relies on the allegations that Sweedler was CEO of both Earth and Windsong, was responsible for Earth's default on its payments to Novi, and used his control of Earth to extract management fees. *See* Opp'n (Dkt # 51) at 11-12. Sweedler's control of both Earth and Windsong is not however, by itself, probative of fraud or the looting of corporate assets. Further, the allegation that Sweedler has caused Earth to pay a "management fee" to Windsong, leaving it "substantially undercapitalized and unable to pay its debts," is too conclusory to support disregard of the corporate form. Compl. (Dkt # 1) ¶ 37. Novi, in sum, has failed to plead its way over the high bar for veil-piercing under Massachusetts law. Consequently, the court will dismiss Novi's breach of contract claim and the goods sold and delivered claim as to Windsong and Sweedler without prejudice.

### B. Unjust Enrichment (Count III)

To state a claim for unjust enrichment, a plaintiff must allege "(1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention by the defendant of the benefit under the circumstances would be inequitable without payment for its value." *Tomasella v. Nestlé USA, Inc.*, 962 F.3d 60,

6

82 (1st Cir. 2020), quoting *Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*, 552 F.3d 47, 57 (1st Cir. 2009). Defendants argue that Novi's unjust enrichment claim should be dismissed as to Earth because the terms of Earth's relationship with Novi are governed by a contract. It is "accepted practice," however, for plaintiffs to pursue an unjust enrichment claim as an alternative to a breach of contract theory of liability at the pleading stage. *Lass v. Bank of Am., N.A.*, 695 F.3d 129, 140 (1st Cir. 2012). The court will therefore deny defendants' motion to dismiss Count III as to Earth but will allow it as to Windsong and Sweedler.

### C. Conversion (Count IV)

Under Massachusetts law, a plaintiff asserting a conversion claim must allege "an intentional or wrongful exercise of dominion or control over personal property of another by one with no right to immediate possession." *Kelley v. LaForce*, 288 F.3d 1, 11 (1st Cir. 2002). The complaint must also allege "that the defendant either did some positive wrongful act with the intention to appropriate the property to himself or to deprive the rightful owner of it, or destroyed the property." *Id.* at 12, quoting *Grande v. PFL Life Ins. Co.*, 2000 WL 1476676, at *4 (Mass. App. Div. Sept. 27, 2000).

The Complaint alleges that Novi had an interest in the contested

7

footwear products and that Earth refused to return them. *See* Compl. ¶ 36. Thus, Novi states a claim for conversion against Earth. But the Complaint does not allege that Windsong or Sweedler exercised dominion or control over the footwear products; the allegations against Windsong and Sweedler focus rather on their rendering Earth insolvent, not any particular action they took to prevent Novi from accessing the goods at issue. *See id.* Novi argues that it has alleged that Windsong and Sweedler engaged in "tortious conduct," Opp'n at 15, but fails to specify how that conduct amounts to the tort of conversion. Thus, the motion to dismiss Novi's conversion claim will be denied as to Earth and allowed without prejudice as to Windsong and Sweedler.

### D. Injunctive Relief (Count V)

Defendants ask the court to dismiss Count V of the Complaint because injunctive relief is not a stand-alone cause of action, but a remedy. The court agrees. *See Koufos v. U.S. Bank, N.A.*, 939 F. Supp. 2d 40, 46 (D. Mass. 2013). Accordingly, the court will dismiss Count V as an independent cause of action.

### ORDER

For the foregoing reasons, defendants' motion to dismiss is ALLOWED

<u>IN PART</u> and <u>DENIED IN PART</u>.  All claims against defendants Windsong and Sweedler are dismissed without prejudice.  Count V is dismissed against all defendants.  Counts I-IV survive against Earth.

            SO ORDERED.

            <u>/s/ Richard G. Stearns           </u>
            UNITED STATES DISTRICT JUDGE