UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NOVI FOOTWEAR INTERNATIONAL CO. LIMITED,<br><br>　　　　Plaintiff,<br><br>v.<br><br>EARTH OPCO LLC, WINDSONG CAPITAL MANAGEMENT LLC, WILLIAM SWEEDLER, and WINDSONG GLOBAL LLC,<br><br>　　　　Defendants. | No. 22-cv-10952-MJJ |

**MEMORANDUM AND ORDER ON SANCTIONS**

Cabell, U.S.M.J.

I.　**INTRODUCTION**

In this long-running contractual dispute, the parties have been engaged in fact discovery for approximately eighteen months. That process has been marked by delays and has at times required motion practice and the court's direct involvement. Against that backdrop, the plaintiff, Novi Footwear International Co. Limited ("Novi"), unsatisfied with the speed or the extent of the defendants' efforts to comply with their discovery obligations, seeks sanctions including an award of $90,690.90 in fees. The defendants, Earth OpCo LLC ("Earth"), Windsong Capital Management LLC, William Sweedler, and Windsong Global LLC (collectively, "the defendants"), oppose the request for sanctions, arguing that they

have complied with their obligations in good faith. For the following reasons, the court finds that sanctions are warranted and will order the defendants to compensate the plaintiff for its expenses, although a lesser amount than what the plaintiff seeks.

## II.    RELEVANT BACKGROUND

The plaintiff filed its first motion to compel interrogatory responses on August 3, 2023. (D. 146). The defendants timely opposed that motion on August 22, 2023. (D. 151). This court convened a hearing on the motion on September 22, 2023. (D. 160, Clerk Notes; D. 168, Hearing Transcript). During the hearing, the court granted the motion to compel in part and denied it in part, setting a deadline of 14 days for the defendants to provide supplemental responses. (D. 160; D. 168, pp. 46:20-47:18).

Unfortunately, this was not the last of the parties' discovery troubles. On November 7, 2023, Novi filed a motion for sanctions based on the defendants' alleged failure to comply with the court's order from the September 22 hearing. (D. 171). On November 21, 2023, Novi filed a second motion to compel, this time focused on the production of documents. (D. 173). The defendants timely opposed both motions. (D. 175; D. 176). Notably, in opposing the motions, the defendants did not object to the plaintiff's discovery requests as such, instead asserting that they had and were continuing to provide the requested discovery or work with the plaintiffs to identify reasonable alternatives.

The court held a hearing on these two motions on February 2, 2024. (D. 183, Clerk Notes; D. 184, Hearing Transcript). In order to help the parties cooperatively work through their remaining discovery issues, the court convened additional status conferences on March 15, March 22, April 5, April 17, and May 10. (D. 188; D. 191; D. 193; D. 197; D. 200). The court ultimately granted the motion to compel. (D. 206). As of June 14, 2024, the defendants had not quite finished providing discovery to the plaintiff. (D. 202, Status Report).

It bears noting that the court's initial scheduling order set a fact discovery deadline of June 9, 2023. (D. 106). By the time Novi filed its first motion to compel in August 2023, the court had extended the fact discovery deadline to October 6, 2023, at the joint request of the parties. (D. 139). The court further extended the fact discovery deadline to January 12, 2024, again at the parties' joint request, setting an interim deadline for "[c]ompletion of party document productions by October 23, 2023." (D. 158).

Nonetheless, on January 10, 2024, the parties filed another joint motion to extend discovery deadlines, due in part to the fact that the defendants had not completed their document productions. (D. 181, ¶¶ 22-23). The court granted that motion, thus setting new deadlines of January 10, 2024, for the defendants to finish producing documents, and April 12, 2024, for the

3

completion of fact discovery.  (D. 182).  Notwithstanding these extensions, the parties filed further motions to extend on April 16, 2024, and June 28, 2024.  (D. 196; D. 204).  As a result, the court has reset the fact discovery deadline for September 27, 2024.  (D. 205).  The court is unlikely at this juncture to extend the deadline any further.

**III. LEGAL STANDARD**

"Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'"  *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 736-64 (1980) (quoting *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976)) (alteration in original).  Here, the plaintiff seeks sanctions through both Rule 37(a) and Rule 37(b).

    **A.   Rule 37(a): Expenses Incurred in Moving to Compel**

When a motion to compel is granted, or when a party produces the requested discovery after the motion is filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).  However, "the court must not order this payment if: (i) the movant filed the

4

motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). "A substantial justification is one that 'could satisfy a reasonable person.'" *Pan Am. Grain Mfg. Co. v. P.R. Ports Auth.*, 295 F.3d 108, 117 (1st Cir. 2002) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

  **B. Rule 37(b): Failure to Comply with a Court Order**

"If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Such orders may include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or

5

> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*Id.* "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

## IV. DISCUSSION

### A. Appropriateness of Sanctions

The plaintiff seeks three categories of sanctions: (1) a finding that all the products for which the defendants have allegedly failed to pay the plaintiff were timely delivered to and received by the defendants, based on Earth's failure to adequately respond to Interrogatory No. 8; (2) the striking of any affirmative defense related to the plaintiff's failure to timely deliver goods; and (3) payment of expenses the plaintiff incurred in pursuing discovery. Because these first two requests could, if granted, carry a real, outsized risk of affecting the outcome of the case, something this court is loath to do, the court denies the motion with respect to those requests and focuses its attention on the request for expenses.

In the court's view, it is ineluctably clear that sanctions are appropriate here given the defendants' considerable delay in

6

complying with their discovery obligations.  As described above, fact discovery has been an unusually drawn-out process in this case, necessitating no fewer than four extensions.  The delays have been largely one-sided.  The plaintiff finished producing documents no later than January 10, 2024.  (D. 181, ¶¶ 22-23).  By contrast, the defendants had not finished their productions as of June 14, 2024, (D. 202, ¶¶ 3-4), notwithstanding two *joint* motions that proposed an earlier deadline, (D. 181; D. 196).  To the extent the defendants have produced documents and adequately responded to interrogatories, those results came only after significant court intervention, including several discovery conferences.  The court is convinced that this intervention was necessary.  To be sure, the defendants no doubt faced some difficulties in gathering information due to fact that Earth is no longer a going concern.  However, that fact alone is insufficient to explain or excuse the defendants' molasses-slow approach to discovery.[1]

As discussed above, the plaintiff seeks sanctions against the defendant via two different avenues.  The first is the plaintiff's motion for sanctions under Rule 37(b), premised on the defendants'

---

[1] As an illustrative example, one issue the plaintiff raised in its second motion to compel was the defendants' failure to produce text messages after previously agreeing to do so.  In their opposition to that motion, filed on December 5, 2023, the defendants represented that they were "in the process of collecting and searching the mobile data of the four relevant Windsong custodians."  (D. 176, pp. 6-7).  Notwithstanding that representation, the defendants later admitted that they did not begin collecting mobile device communications until on or about January 19, 2024, more than a month later.  (D. 201-1, Defendants' Responses to Plaintiff's Questionnaire re: Discovery Efforts, ¶ 14).

alleged disobedience of the court's order on the first motion to compel. (D. 171). The second is the plaintiff's request for sanctions in connection with its second motion to compel under Rule 37(a). (D. 173). As to the former motion, the court is not prepared to find that the defendants "fail[ed] to obey an order to provide or permit discovery" so as to trigger Rule 37(b), although it certainly understands the plaintiff's frustrations. Fed. R. Civ. P. 37(b)(2)(A). The defendants' repeated delay in resolving the interrogatory issues is troubling, but, in this court's view, it does not quite rise to the level of disobedience, which means that relief is unavailable through Rule 37(b).

Conversely, Rule 37(a) squarely applies here. As noted above, the defendants never meaningfully objected to the plaintiff's document requests. Belatedly, and perhaps still incompletely, the defendants provided the requested discovery after the plaintiff filed the second motion to compel. Furthermore, and largely for these reasons, the court granted the motion to compel. Thus, the court must require the defendants to pay the plaintiff's "reasonable expenses incurred in making the motion, including attorney's fees," unless one of three exceptions applies. Fed. R. Civ. P. 37(a)(5)(A).

None of the exceptions apply here. The court does not find that the plaintiff filed the motion to compel before first attempting to obtain the requested discovery from the defendants

8

in good faith, nor does it find that the defendants' response, marked as it was by assurances followed by repeated delays, was substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(ii). Finally, far from making an award of expenses unjust, the circumstances here justify an award for the reasons described above. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). Therefore, the court will award the plaintiff its reasonable expenses incurred in making the second motion to compel, as well as its post-filing efforts to obtain the requested documents from the defendants.

**B.  Calculation of Fee Award**

What remains is to determine the appropriate amount of the plaintiff's expenses. In fixing such awards, courts in this district employ the lodestar method, which is "the gold standard for calculating fee awards." *Spooner v. EEN, Inc.*, 644 F.3d 62, 67 n.3 (1st Cir. 2011). "This approach requires the district court to ascertain the number of hours productively expended and multiply that time by reasonable hourly rates." *Id.* at 68 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (further citation omitted). "[T]he court determines how much compensable time counsel spent on the case, deleting any duplicative, unproductive, or excessive hours[, . . . and] then applies prevailing rates in the community to arrive at the lodestar." *Id.* (internal quotation marks and citation omitted).

As an exhibit to its supplemental memorandum in support of the motion for sanctions, the plaintiff filed a spreadsheet detailing the work that counsel performed in connection with the parties' discovery disputes. (D. 201-7). For each line item, the spreadsheet indicates the date on which certain work was done, who performed the work, that person's hourly rate, how long the work took, the total billed for the work, and a description of the work. It reflects work performed by four attorneys whose hourly rates range from $395 to $693. These rates are lower than rates that this court recently found to be reasonable in another case, *see DMO Norwood LLC v. Kia Am., Inc.*, --- F. Supp. 3d ---, 2023 WL 8477408, at \*3 (D. Mass. 2023) (approving hourly rates of $1,085 for a partner and $735 for a senior associate), and so the court finds them reasonable in this case. Similarly, based on the entries in the spreadsheet, it appears that counsel spent a total of 65.2 hours over the course of approximately six months preparing and litigating the second motion to compel and thereafter working to obtain discovery from the defendants.[2] This was a reasonable number of hours under the circumstances, especially as most of those hours of work were occasioned by the defendants' own delays and the need for court intervention.

---

[2] The court did not include any line items that solely involved the plaintiff's attorneys conferring with each other.

Having determined that counsel for the plaintiff expended a reasonable number of hours seeking discovery from the defendants and that the rates counsel charged for that time were reasonable, all that remains is to apply those rates to the hours worked. Adding up the applicable entries in the spreadsheet provided by the plaintiff results in a total of $34,911.80.

**V.   CONCLUSION**

For the foregoing reasons, the plaintiff's request for sanctions in connection with its motion to compel the production of documents (D. 173) is ALLOWED. The defendants shall remunerate the plaintiff in the amount of $34,911.80. The plaintiff's motion for sanctions under Rule 37(b) (D. 171) is DENIED.


<u>So Ordered</u>.                                                      /s/ Donald L. Cabell
                                                                DONALD L. CABELL, U.S.M.J.

DATED:  July 15, 2024