UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NOVI FOOTWEAR INTERNATIONAL CO. LIMITED,<br><br>    Plaintiff,<br><br>v.<br><br>EARTH OPCO LLC, WINDSONG CAPITAL MANAGEMENT LLC, WILLIAM SWEEDLER, and WINDSONG GLOBAL LLC,<br><br>    Defendants. | No. 22-cv-10952-MJJ |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

CABELL, U.S.M.J.

Plaintiff Novi Footwear International Co. Limited ("Plaintiff") has moved for leave to amend its complaint a second time to add two new common law claims. (D. 215). Defendants Earth OpCo LLC, Windsong Global LLC, Windsong Capital Management LLC, and William Sweedler ("Defendants") oppose the motion. For the reasons explained below, the court will allow the motion.

    **I.    RELEVANT BACKGROUND**

This case has weathered numerous delays since it was originally filed in June of 2022. As a result, fact discovery did not conclude until the end of 2024. Towards the end of that phase,

in late October 2024, Defendant William Sweedler ("Mr. Sweedler") sat for a deposition. During it, Mr. Sweedler was asked questions about a document that features prominently in the case, a February 13, 2022 written agreement that bears his signature ("the February 13 agreement"). According to Plaintiff, Mr. Sweedler reportedly provided information about the February 13 agreement not previously known to Plaintiff. (D. 216 at ¶¶ 1-3; D. 215-3 at 17-24; D. 128 at ¶¶ 38-51). In particular, Mr. Sweedler suggested that, despite the appearance of his signature on the February 13 agreement, and the document's subsequent notarization, he never received the February 13 agreement prior to its going into effect, and also may not have been familiar with its contents. (D. 215-3 at 21-24).

The First Amended Complaint (D. 110) already asserts a claim for intentional misrepresentation on the ground that Defendants knew that certain representations contained in the February 13 agreement were untrue when made. Now, as a result of the information adduced from Mr. Sweedler's deposition, Plaintiff seeks leave to amend to add two new related claims, including one for negligent misrepresentation and one for tortious aiding and abetting. Regarding the aiding and abetting claim, Plaintiff contends that it serves to encompass the possibility that:

> Sweedler actively participated in and substantially assisted the intentional and/or negligent misrepresentations of Earth, Windsong Capital, and

2

> Windsong Global by authorizing an agent and employee of Windsong Capital to affix Sweedler's signature to the February 13, 2022 Letter Agreement containing such misrepresentations and publish such misrepresentations to Novi.

("[Proposed] Second Amended Complaint," D. 215-1 at 26). Plaintiff contends that it is appropriate to add these claims "as alternate counts [to its existing claim of intentional misrepresentation] premised on the same misrepresentations" in case a factfinder was to agree that misrepresentations were made but that Mr. Sweedler himself lacked actual knowledge of the February 13 agreement's contents. (D. 216 at ¶ 3).

## II.  LEGAL STANDARD

A party seeking to amend a complaint more than 21 days after "service of a responsive pleading or . . . motion under Rule 12(b), (e), or (f)" must seek leave of the court absent the opposing party's written consent. Fed. R. Civ. P. 15(a). When deciding a motion to amend, the court's task is to determine whether "justice so requires" that leave to amend be granted, a determination that requires the court to "examine the totality of the circumstances and to exercise its informed discretion in construing a balance of pertinent considerations." *Id.*; *Palmer v. Champion Mortg.*, 465 F.3d 24, 30-31 (1st Cir. 2006). "Reasons for denying leave [to amend] include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment." *U.S.*

3

*ex rel. Gange v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)).

However, where a scheduling order setting out a deadline for amendment exists, "the liberal default rule is replaced by the more demanding 'good cause' standard of Fed. R. Civ. P. 16(b)." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004). "This standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Id.* "Nonetheless, prejudice to opposing parties and the burden on the court remain factors that the court should take into account." *Murphy v. Harmatz*, Civil Case No. 13-CV-12839-MAP, 2016 WL 7468801, at *2 (D. Mass. Dec. 28, 2016). To show good cause, a party must demonstrate that despite their diligence the deadline in the scheduling order could not be reasonably met. *House of Clean, Inc. v. St. Paul Fire and Marine Ins. Co., Inc.*, 775 F. Supp. 2d 296, 298 (D. Mass. 2011). "The heightened good cause standard is . . . meant to preserve the integrity and effectiveness of Rule 16(b) scheduling orders." *Kane v. Town of Sandwich*, 123 F. Supp. 3d 147, 158 (D. Mass. 2015) (internal quotation and alteration marks omitted).

Because Plaintiff's request for leave to amend the pleadings comes well after the scheduling order's January 2023 deadline for amending pleadings (D. 106), the court reviews its request under Rule 16(b)'s good cause standard.

4

## III. ANALYSIS

Defendants argue that Plaintiff's motion to amend should be denied on grounds of undue delay, undue prejudice, and futility, but the court disagrees and finds that Plaintiff has shown good cause to amend.

### A. Undue Delay

Defendants argue that the two and a half months that elapsed between Mr. Sweedler's deposition and Plaintiff's filing of the instant motion to amend (January 8, 2025) represents undue delay warranting denial. (D. 217 at 8-9). The court does not agree. Of note, Plaintiff, after learning of the new information in late October 2024, drafted and shared a copy of its proposed second amended complaint with Defendants in December 2024, informed the court at a status conference that it intended to seek leave to amend, and thereafter sought leave to amend in January 2025. If anything, these facts evince a fairly diligent effort to incorporate the newly discovered information into the case. At a minimum, they do not evince undue delay in seeking to amend. *See, e.g., Sheet Metal Workers Loc. No. 20 Welfare & Benefit Fund v. CVS Pharmacy, Inc.*, 305 F. Supp. 3d 337, 345 (D.R.I. 2018) (no undue delay where motion to amend was filed five months after discovery of new evidence); *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987) (three month interval

5

between discovery of new evidence and motion to amend held not to constitute undue delay).

### B. Undue Prejudice

Defendants argue that they would be prejudiced by the addition of the new claims, and that "[a] motion to amend may be found unduly prejudicial to the nonmoving party where it injects a new theory of relief into the litigation." *Ryan v. Newark Grp., Inc.*, No. 4:22-CV-40089-MRG, 2024 WL 4815478, at *11 (D. Mass. Nov. 18, 2024), *reconsideration denied,* 349 F.R.D. 254 (D. Mass. 2025) (citing *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)); (D. 217 at 11).

The court does not view the proposed amendments as injecting a new theory of relief into the case, however. As before, the complaint would continue to assert a claim of misrepresentation. The proposed amendments do no more than to reflect that the misrepresentation may have been intentional but if not could be negligent.

To be sure, much of Defendants' argument rests more on the potential prejudice should the new claims lead to the need to conduct additional discovery. Defendants cite to a recent case in this district in which the court found it would be prejudicial to add a misrepresentation claim because the additional claim would likely result in the need for the defendant to conduct additional discovery. *See Carando Gourmet Frozen Foods Corp. v. Axis*

6

*Automation, LLC*, No. 3:17-CV-30164-ADB, 2019 WL 5394175, (D. Mass. Oct. 22, 2019). *Carando* is not particularly instructive here, however, because the court there determined that adding new claims would most likely necessitate conducting additional discovery. By contrast, the court has determined here that no new discovery will be required. Plaintiff argues that "the negligent misrepresentation claim is a lesser-included claim that does not require any additional discovery." (D. 249 at ¶ 20). Whether that is technically correct or not, it is the case that under Massachusetts law, the only added element that a claim of negligent misrepresentation would bring to a table already set for a claim of intentional misrepresentation is that the defendant failed to exercise reasonable care in making the underlying representation. *See, e.g.*, *Pedersen v. Hart Ins. Agency, Inc.*, No. CIV. 10-10922-NMG, 2011 WL 4970920, at *3-4 (D. Mass. Oct. 18, 2011) (reviewing the elements of both claims under Massachusetts law). Although Plaintiff must prove this element, Plaintiff avers it will not need to conduct additional discovery to do so, and Defendants demonstrably will not need to conduct new discovery to defend against the claim where they are in possession of all evidence bearing on what degree of care Mr. Sweedler may have taken in associating himself with the challenged representations. *Cf.*, *Burns v. Hale and Dorr LLP,* 242 F.R.D. 170, 174 (D. Mass. 2007) (finding that amendment would not prejudice defendants where new

claims were related to core allegations and would not result in change to scheduling order or further delay proceedings). As such, Defendants would not be prejudiced by the addition of the proposed new claims.

### C. Futility

Finally, Defendants argue that the addition of these new claims would be futile as they "serve no useful purpose and are merely an attempt to disparage Windsong and Mr. Sweedler while trying to avoid the higher burden of proof for Plaintiff's intentional misrepresentation and fraud claims." (D. 217 at 5). Plaintiff counters that establishing a lower standard of negligence in light of Mr. Sweedler's deposition is "precisely the reason to allow" the motion. (D. 249 at ¶ 10).

Plaintiff has the better argument here. In assessing futility, the "proposed amended complaint must . . . contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Washington Tr. Advisors, Inc. v. Arnold*, 678 F. Supp. 3d 192, 195 (D. Mass. 2023) (cleaned up). If the added claims sufficiently state claims for purposes of Fed. R. Civ. P. 12(b)(6), those claims are not futile. *Id.* Here, Plaintiff's added claims pass that bar. The facts Plaintiff alleges, taken as true, are sufficient to state plausible claims of negligent misrepresentation and tortious aiding and abetting

8

for purposes of 12(b)(6). Defendants' futility argument thus fails.[1]

In sum, Plaintiff has shown good cause to amend.

**IV.  CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Leave to File a Second Amended Complaint (D. 215) is ALLOWED.

<u>/s/ Donald L. Cabell</u>
DONALD L. CABELL, U.S.M.J.

DATED:  September 30, 2025

---

[1] To the extent that Defendants allege or imply bad faith or dilatory motive on Plaintiff's part in seeking to amend, the court finds no suggestion of either here.