UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NOVI FOOTWEAR INTERNATIONAL CO.
LIMITED,

        Plaintiff,

v.

EARTH OPCO LLC, WINDSONG
CAPITAL MANAGEMENT LLC, WILLIAM
SWEEDLER, and WINDSONG GLOBAL
LLC,

        Defendants.

No. 22-cv-10952-MJJ

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIMS

CABELL, U.S.M.J.

    Defendants Earth OpCo LLC, Windsong Global LLC, Windsong Capital Management LLC, and William Sweedler ("Defendants") have moved for leave to amend their answer and counterclaim to add four new counterclaims. Plaintiff Novi Footwear International Co. Limited ("Plaintiff") opposes the motion. (D. 235, 241). For the reasons explained below, the court will deny the motion to add new counterclaims.[1]

---

[1] As the court has allowed Plaintiff's motion to file a second amended complaint (D. 257), Defendants of course may and should file an answer to the same.

## I.    RELEVANT BACKGROUND

In response to Plaintiff's initial complaint, Defendants filed an answer and a counterclaim seeking to dissolve a temporary restraining order Plaintiffs had obtained.  More recently, and in response to Plaintiff's (now granted) motion for leave to file a second amended complaint, Defendants filed an opposition and asserted among other things that "[t]o the extent Plaintiff is permitted to amend its pleadings to conform with the facts in the record, Defendants should be permitted the same opportunity to amend its answer and counterclaims."  (D. 217).  Defendants now move to do just that.  Specifically, they seek to add claims for: Aiding and Abetting Breach of Fiduciary Duty (Counterclaim II); Interference with Advantageous Contractual Relations (Counterclaim III); Violation of G.L. c. 93A, §§ 2, 11 (Counterclaim IV); and Breach of Contract (Counterclaim V).  ("[Proposed] Defendants' Amended Answer to Second Amended Complaint and Amended Counterclaims," D. 237-1).

## II.   LEGAL STANDARD

Although "amending a pleading to add a counterclaim was formerly governed by [Fed. R. Civ. P. (Rule)] 13, that changed in 2009 so that Rule 15 is now the sole rule governing amendment of a pleading to add a counterclaim." *Stone v. Sutton View Capital, LLC*, No. 17-CV-1574 (VEC), 2017 WL 6311692, at *2 (S.D.N.Y. Dec. 8, 2017).  Ordinarily, leave to amend "'is freely given when

justice so requires'" absent an adequate basis to deny amendment such as futility, bad faith, undue delay or a dilatory motive. *Maine State Building and Construction Trades Council, AFLCIO v. United States Department of Labor*, 359 F.3d 14, 19 (1st Cir. 2004); *Glassman v. Computervision Corp.*, 90 F.3d 617, 622 (1st Cir. 1996). "An amendment is futile if it could not withstand a Rule 12(b)(6) motion to dismiss." *Menard v. CSX Transp., Inc.*, 2012 WL 13372, *5 (D. Mass. Jan. 3, 2012); *accord Rife v. One W. Bank, F.S.B.*, 873 F.3d 17, 21 (1st Cir. 2017) ("'(f)utility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted"). To survive a Rule 12(b)(6) motion to dismiss, the proposed counterclaim must include factual allegations that when taken as true demonstrate a plausible claim to relief even if actual proof of the facts is improbable. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-58 (2007). Thus, while "not equivalent to a probability requirement, the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully." *Boroian v. Mueller*, 616 F.3d 60, 65 (1st Cir. 2010) (internal quotation marks omitted). "[A]ccepting as true all well-pleaded facts in the complaint and making all reasonable inferences in the plaintiff's favor," *id*. at 64, the "factual allegations 'must be enough to raise a right to relief above the speculative level.'" *Gorelik v. Costin*, 605 F.3d 118, 121 (1st Cir. 2010).

However, where a scheduling order setting out a deadline for amendment exists, "the liberal default rule is replaced by the more demanding 'good cause' standard of Fed. R. Civ. P. 16(b)." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004). "This standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Id.* To show good cause, a party must demonstrate that, despite their diligence, the deadline in the scheduling order could not be reasonably met. *House of Clean, Inc. v. St. Paul Fire and Marine Ins. Co., Inc.*, 775 F. Supp. 2d 296, 298 (D. Mass. 2011); *see also Prosight – Syndicate 1110 At Lloyds v. M. L. Schmitt, Inc.*, 344 F.R.D. 121, 125 (D. Mass. 2023) ("In assessing diligence, the court may consider undue delay, bad faith, or dilatory motive by [the moving party] as well as futility of the proposed amendments."). And "[a]lthough the moving party's diligence is the dominant criterion, prejudice to the non-moving party remains relevant" to the court's consideration of good cause. *Great Lakes Ins. SE v. Andersson*, 338 F.R.D. 424, 428 (D. Mass. 2021) (cleaned up). "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy.'" *Id.* at 427 (quoting *Steir*, 383 F.3d at 12). Thus, the same factors of undue delay, bad faith, futility, and prejudice

that the court considers under Rule 15(a)'s "freely given" standard remain relevant to its consideration under Rule 16(b)'s "good cause" standard; the difference is that good cause is a heightened standard "meant to preserve the integrity and effectiveness of Rule 16(b) scheduling orders." *Kane v. Town of Sandwich*, 123 F. Supp. 3d 147, 158 (D. Mass. 2015) (internal quotation and alteration marks omitted).

Because Defendants' request for leave to amend the pleadings comes well after the scheduling order's January 2023 deadline for amending pleadings (*see* D. 106), the court reviews their request under Rule 16(b)'s good cause standard.

### III. ANALYSIS

Defendants argue that they did not unduly delay in moving to add the proposed new counterclaims. They argue further that the proposed new claims would not prejudice Plaintiff. The court disagrees.

### A. **Defendants Were Not Diligent in Moving to Add the New Counterclaims**

Defendants assert that the basis for the four proposed counterclaims arise from facts learned "during discovery." Per their memorandum, Plaintiff reportedly convinced two former Earth executives, Mark Parsley and Alan Gervais, "to make decisions that were entirely beneficial to Novi and harmful to Earth." Defendants contend that "[e]vidence disclosed during discovery showed that

both Parsley and Gervais were sharing highly confidential information about Earth with Novi from June 2021 through May 2022." Defendants contend that the two executives shared highly confidential with Novi in contravention of the "fiduciary duties they owed Earth." Ultimately, so Defendants contend, the two executives hatched a deal in the Fall of 2022 to saddle Earth with millions of dollars in inventory that Plaintiff knew Earth could not sell.

The fundamental issue with Defendants' contention is that they fail to state with specificity when and how they discovered these facts to show they moved without undue delay in seeking to amend. To be sure, Defendants offer a number of reasons in support of their motion: their motion to amend was filed "sufficiently close in time" to Plaintiff's motion to amend; they should be permitted to raise new counterclaims if Plaintiff was to be permitted to amend to add new claims;[2] their proposed counterclaims are meritorious; their proposed counterclaims arise out of facts that only came to light in discovery; expert discovery was still

_____

[2] Defendants argue that they should be entitled to amend their pleadings to add new counterclaims if (and now, since) Plaintiffs were permitted to amend their complaint to add new claims, because "Defendants reserved the right to amend its pleadings and counterclaims if the Court granted Plaintiff's motion to amend." (236 at 4). But to be clear, there is no right to engage in tit-for-tat litigation; rather, the determination of whether leave to amend should be granted is governed solely by the pertinent rules of procedure. *See, e.g.*, *Lurie v. Mid-Atl. Permanente Med. Grp., P.C.*, 589 F. Supp. 2d 21, 23-24 (D.D.C. 2008) ("Allowing the [moving party] to add claims merely so that it can engage in a tit-for-tat litigation strategy surely is not what the Federal Rules mean by 'good cause.'").

ongoing at the time they filed the instant motion; the summary judgment deadline has been adjourned; and further that Plaintiff would have "ample time to address Defendants' proposed amendments" where no trial has yet been scheduled.  (D. 236 at 15-16; D. 250 at 10-13).

These several arguments, however, are largely unresponsive to Defendants' burden to demonstrate diligence in moving to amend. The one offered ground that perhaps comes closest to addressing the issue is Defendants' claim that the facts underlying their counterclaims first came up in the course of discovery.  Yet, despite Defendants' passing mention in their reply brief that "Defendants justifiably filed the Motion after the full picture of Novi's misconduct was finally and fully in focus at the close of discovery," it remains unclear why Defendants could not have moved to add the proposed counterclaims significantly sooner than they did.  (D. 250 at 11).  Again, Defendants fail to state with any precision what specific discovery event alerted them of these "new" facts and a corresponding a basis to amend, and when they learned of them.  They do not contend, for example, that they only learned of these facts in the weeks or few months preceding the filing of their motion.  In that regard, and militating against their claim of diligence, it appears that the "key facts" Defendants identify "that give rise to Earth's counterclaims" appear to come chiefly from emails that involved Earth employees, that is, emails that

would have already been in Defendants' possession. (D. 236 at 2-3; see, e.g., 237-8, D. 237-18, 237-26, 237-36).

For their part, Defendants do identify dozens of documents consisting of several hundreds of pages of material gathered during discovery as the basis for their proposed counterclaims. Defendants' counsel has also filed a supporting declaration (the "Kuster Declaration") attaching nearly 50 such documents produced by one party or the other. (D. 237-4 through 51). To the court, though, these documents tend to undermine rather than support a finding of diligence. As Plaintiff notes, the overwhelming majority of the documents are Defendants' own documents, a point Defendants do not appear to dispute in their reply brief. Presumably, then, Defendants could have sought leave to amend far sooner than they did.

That said, Defendants do take issue with Plaintiff's assertion that all source documents relied upon in the Kuster Declaration were in the possession of Defendants no later than October 20, 2023, noting that they also relied on some deposition testimony that occurred after that time. Still, Defendants do not dispute that they had all other documents in their possession more than a year before they moved to add the new counterclaims. (D. 250 at 11).

Per the foregoing, the court finds that Defendants have not shown they acted diligently in seeking to amend.

**B.** **Allowing Defendants to Add the New Counterclaims Would Prejudice Plaintiff**

Defendants argue regardless that adding the proposed counterclaims would not prejudice Plaintiff because evidence in the record already supports the claims and no new discovery would be required. (D. 236 at 16-18; D. 250 at 2). Plaintiff argues contrarily that the addition of the four proposed counterclaims would "unfairly prejudice Plaintiff by further delaying the case, adding significant expense, and requiring additional discovery by Plaintiff to investigate claims and discover alleged facts." (D. 241 at 12). Plaintiff further argues that it has not had a fair opportunity to seek out and discover evidence relevant to the proposed claims, including by "issuing related document requests and interrogatories, serving subpoenas to former third-party executives of Earth, questioning deponents about these issues, taking the deposition of Mark Parsley, or developing defenses." *Id.* Plaintiff avers that allowing the amendments would necessitate a "substantial re-start of discovery." *Id.* The court has little difficulty agreeing that adding the proposed new claims would almost surely require Plaintiffs to conduct additional discovery to defend against them.

Putting aside Defendants' assertion that the proposed counterclaims are based only on evidence that has already been

produced in discovery, the proposed claims would unquestionably add an entirely new and thus far unexplored dimension to the case, namely whether Plaintiff itself committed tortious acts, assisted Earth executives in breaching their fiduciary responsibilities, and breached contractual obligations. Even assuming dubitante, as Defendants argue, that "the nature of these claims were repeatedly raised in Defendants' witnesses' depositions, or from documents produced from Plaintiff's files," and that "Plaintiff thus already cross-examined Defendants' witnesses on the operative facts of Defendants' proposed counterclaims," Plaintiff conducted that discovery solely with an eye towards proving Defendants' liability rather than also justifying or defending Plaintiff's conduct itself. At a minimum, adding the claims now would presumptively force Plaintiff to consider a "major alteration in trial tactics and strategy." *Great Lakes Ins. SE*, 338 F.R.D. at 427 (quoting *Steir*, 383 F.3d at 12).

As such, allowing the proposed amendment now would undoubtedly further delay the case, which has already endured a protracted discovery period, has yet to go through the filing and resolution of dispositive motions, and is entering its fourth year.

## IV. CONCLUSION

For the foregoing reasons, the court finds that Defendants have not acted with appropriate diligence to show good cause for setting aside the existing scheduling order and granting leave to

amend under Rule 16(b), and that the prospect of further delay to the case and the prejudice to Plaintiff also weigh against amendment.  Defendants' motion to amend therefore is DENIED.


/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  September 30, 2025